[Civ. No. 44140. Second Dist., Div. One. July 19, 1974.]

THOMAS P. BURLEY, Plaintiff and Respondent, v.
HOWARD M. STEIN, Defendant and Appellant.

**COUNSEL**

Brown & Altshuler and Leo Altshuler for Defendant and Appellant.

Thomas P. Burley, in pro. per., for Plaintiff and Respondent.

John H. Larson, County Counsel, and Dwight V. Nelsen, Deputy County Counsel, as Amici Curiae.

## Opinion

**HANSON, J.**—This is an appeal from an action originally filed in the small claims court.

### The Case

 Thomas P. Burley (hereinafter plaintiff) filed a small claims action against one Dr. Howard M. Stein (hereinafter defendant), a dentist, in the Los Cerritos Judicial District in 1973. The plaintiff was a patient of the defendant and sued for $499 in damages allegedly resulting from the defendant's incompetence in performing his duties. Dr. Stein was served with the claim of the plaintiff, but failed to appear in court. The small claims court gave judgment to the plaintiff in the sum of $499 with costs and also allowed the defendant a 20-day stay of execution. The record does not reflect whether or not the small claims court required the plaintiff to put on evidence to prove up his prima facie case.[1] Because of defendant's failure to appear, a default and default judgment was entered in the docket against the defendant.[2]

The defendant was served a copy of the order of the small claims court, and he (the defendant) subsequently filed a notice of appeal from the default judgment in the superior court.

At the trial court de novo before the superior court both parties, ready for trial, appeared in propria persona. The superior court held that since the defendant had made no attempt to vacate the default in the court below, he (the defendant) had no standing to appeal to the superior court, and affirmed the default judgment of the small claims court.

---

[1] We note, without comment, that the defendant, a dentist, in his declaration attached to his motion for a new trial in the superior court states that when he appeared for the trial de novo in the superior court he brought two witnesses, his associate and a licensed anaesthetist; that plaintiff came to his office for "certain fillings and extractions" but that he (the plaintiff) "wanted this work done under general anaestnia [*sic*]." Blood tests were run for cell counts and clotting time to determine whether he was a safe risk for such general anaesthesia. The tests showed the plaintiff had a high white cell count and his clotting time was abnormal. When he (the plaintiff) arrived for his dental work, he was advised of the results and that "general anaesthesia would pose a serious threat to his life" and under the circumstances the defendant's office "could not recommend general anaesthesia under any circumstances." The "plaintiff began to rant and rave about the moneys he had lost from work, became quite abusive and insisted that they could go ahead as planned." Defendant's office refused to go ahead and performed no dental work on plaintiff.

[2] A defendant is not required to file responsive pleadings in the small claims court. (Code Civ. Proc., § 117d.) Failure of the defendant to appear results in a default and the docket or the clerk's register of actions must note "nonappearance" if a default be made. (Code Civ. Proc., § 117e, subd. 4.)

The defendant thereafter retained counsel to move for a new trial in the superior court. The defendant in a declaration attached to his motion for new trial admitted that he received the notice of the claim, but by reason of his own busy schedule he had simply overlooked the hearing until the hour had passed. He (the defendant) asserts that he called the clerk of the small claims court and was advised that he could appeal the decision if he were dissatisfied with it. The superior court denied the motion and by a written opinion gave its reasons for the denial of the motion.[3]

This court granted certification to hear the appeal from the judgment of the superior court pursuant to Code of Civil Procedure section 911 and rule 63 of California Rules of Court.

## ISSUE

The question, as certified before this court, is whether or not a defendant in a small claims case who has had a default judgment rendered against him for failure to appear may, nevertheless, have the right of appeal directly to the superior court for a trial de novo as a dissatisfied litigant under section 117j of the Code of Civil Procedure.

## DISCUSSION

The procedure for handling of small claims actions, in general, and the issue before us, in particular, has been a matter of some concern to those in both the bench and bar dedicated to the efficient administration of justice. The comments in the opinion of the trial judge in the superior court relative to the general need for reform (see fn. 3) is apparently shared by

---

[3]In denying the motion, the superior court expressed its views as to the use and misuse of small claims court actions. The superior court stated: "To mention but a few of these, experience has shown that corporate litigants or litigants financially able to retain counsel have resorted to the device of defaulting entirely in the Small Claims hearing in the Municipal Court and then filing an appeal, at which time, by reason of a misconception of the law, as above indicated, attorneys have not only been permitted but, in the case of corporate defendants, have been *required* to present their cases through attorneys. A similar device which has been used is that of corporate or 'big' defendants defaulting completely or making a mere token defense in the first Small Claims hearing and likewise relying upon the aid of counsel in the Superior Court when the matter is heard on appeal.

"Not only do these practices give the defendant a substantial advantage in the presentation of evidence or the exclusion of evidence offered by the plaintiff—which is bad enough—but defendants represented by attorneys have begun to resort to a number of intricate and, to the small litigant, the baffling devices of interrogatories, requests for admissions, law and motion proceedings, and the like.

"These cynical practices have done much to undermine or destroy the Small Claims Court as a convenient forum for the small litigant."

others in the judiciary.[4] In addition, there is a school of thought of some outside the judiciary that reform in the small claims area is needed to handle the ever-increasing disputes of consumers.[5]

---

[4]The following appeared in California Courts Commentary, a news journal of the Conference of California Judges, Vol. 14, No. 4, July 1974, under the title *Small Claims Appeals Reform Urged:*

"The number of small claims appeals has doubled and tripled in the last year in some Superior Courts. The decision in *Brooks* v. *Small Claims Court* is the cause of much of this increase. The Superior Court Presiding Judges Committee recently proposed the following:

"1. That the Judicial Council consider implementation of a plan similar to the New York Plan. (The primary purpose is to force an election by the Small Claims defendant to move the case in the Municipal Court or otherwise be deemed to have waived his right of appeal.[)]

"2. That the Judicial Council conduct a study designed to explore possible changes in Small Claims procedures through the rule-making power to provide that appeals from default judgment against defendants in Small Claims cases would be governed by the same law as appeals from defaults generally.

"3. That Rule 155, or other appropriate Court rules relating to Small Claims, be amended to provide that the procedure specified in CCP 117(j) [*sic*] shall be similar to the procedure provided in CCP 117(g) [*sic*], informal and without jury, which is the procedure relating to initial Small Claims hearings, except, perhaps, as that section prohibits the use of attorneys."

[5]The following appeared in the California Trial Lawyers Association Journal (Summer, 1974) Vol. 13, No. 3, in an article entitled *New Frontiers for the Small Claims Court* by John T. Kehoe, Director, Department of Consumer Affairs, State of California:

"California has been a leader in making the small claims court a useful adjunct for consumer remedies but reform is needed now!

"There are differing views as to precisely why the small claims system was created. One view holds that these proceedings were formalized to reduce the clogging of crowded court calendars. Another explanation is that the system was intended to serve the 'little guy' who was unable to afford an attorney.

"The reasons for the addition of small claims to the judicial system are not important now. The fact is that during the recent years of increased consumer awareness regarding marketplace rights and remedies the small claims system has, to some extent, become an equalizer for aggrieved consumers against unethical commercial practices.

"The consumer movement, now about 10-15 years old, is going to be an expanding, dynamic phenomenon for generations to come. One of the major side issues generated by the movement is the impersonality and unresponsiveness of our governmental institutions—including the judiciary. Small claims court has been used by irate consumers, individuals as well as consumer groups, as a quick, fair and easy governmental vehicle by which to secure justice.

"As opposed to other courts, small claims proceedings do not frighten or threaten the 'little guy.' The man-against-man presentation of facts, without attorneys and formal court proceedings, is appealing to the average man and conducive to resolving a variety of commercial disputes.

"Various surveys conducted by the State Department of Consumer Affairs, including the Consumer Fraud Task Force, recognized the utility of small claims to the consumer. Prompted by these findings the Department drafted and widely published a pamphlet, in both English and Spanish, describing step-by-step the ways to use small claims court.

"Though small claims is a useful tool for the resolution of consumer disputes, there

However, it is not our function nor do we have the authority to implement sweeping procedural reforms in this area by appellate decision. We direct our attention to the case at bench and limit our ruling to the ambit

are problems within the system which are keeping it from becoming as useful as it could be. Some states have failed to reform small claims and have instead set up 'consumer courts' operating on much the same principles. I believe there is sufficient sentiment in California for reforming small claims and not setting up a parallel system. Following are some of the changes I would like to see.

"Increase the subject matter jurisdiction of small claims to $1000. The present limit of $500 is not a realistic figure in terms of the cost of many goods and services which comprise a large number of small claims actions. For instance, if the dispute involves a relatively small contracting job of $700, the court cannot handle it. The disputant must either elect to knock his claim down to $500 or hire an attorney to take his claim to a higher court. If he can find an attorney to handle this small case (not an easy task), will it be worth his while to sue and risk losing or risk a good part of his claim in attorney fees? This very dilemma is forcing consumers into dropping actions which should be pressed.

"Another change I recommend is that in jurisdictions with large non-English speaking populations steps be taken to assure that interpreters are available to the court. If possible, information desks should be staffed by bi-lingual personnel. Accomplishing this would go a long way toward relieving some of the anxiety felt by our non-English-speaking communities towards our governmental institutions in general and small claims in particular.

"Coupled with the above suggestion I would like to see large-scale attempts to educate minority communities and groups as to the utility of small claims. It is a fact that the poor and the minorities are commercially ripped-off more often than wealthier consumers. It's also a fact that there is a high degree of mistrust in these communities of our governmental and judicial institutions. It only makes sense to make every effort to help these communities find the proper channels of redress, thus heightening their confidence and participation in our system.

"One further method to make small claims more accessible to all consumers is to provide for Saturday and/or night sessions in those areas with large population concentration. Many individuals cannot afford to give up a day or a half day of work in order to defend against an action in court. Thus they elect to default on a claim which the court might well seek to resolve in their favor, or by setting up a more favorable pay schedule. The aim of some judges is to try to accommodate both parties. This is an admirable aim, but it cannot be achieved if one of the parties is unable to attend the court. The Saturday or night court provision would remove much of the burden from those unable to attend day sessions—thus diminishing the number of default judgments.

"To ease some of the problems in the complex landlord-tenant area, I would like to see, in those districts where small claims is presided over a by a municipal court judge, the court exercise jurisdiction in proceedings involving unlawful detainer after default in rent for residential property where the entire amount claimed does not exceed $500.

"Another method to render default judgments against consumers less than automatic is to require the plaintiff, in all controversies involving consumer credit, to show the court all pertinent details of the transaction including any refinancing charges, late charges, extensions and extension charges, adjustments for unearned finance charges, etc. The plaintiff should be required (uncontested or not) to show the court that he has met all applicable State and Federal credit laws and regulations. This is only fair and should remove a part of the stigma from small claims that it is often used as a collection mill for business interests.

"My final point of concern involves the difficulty of collecting judgments awarded

of the single issue posed; namely, can a defaulting defendant in a small claims action appeal directly to the superior court.[6]

---

by a Small Claims Court.

"Every defendant, against whom a judgment in the small claims court has been rendered, shall provide the plaintiff and the clerk of the court a list of attachable assets no more than fifteen days after he has received notice of a judgment against him, unless, within fifteen days after the judgment was entered, the defendant fully satisfies the judgment. The clerk of the court, immediately after a judgment is rendered, shall deliver or mail to the defendant a form upon which the defendant can describe the nature and the location of attachable assets. The form shall contain a short explanation of the defendant's right to apply to the court for a writ of exemption for assets he may own.

"Defendants having received actual notice of a judgment entered against them and having received actual notice of a demand for payment by the plaintiff must within thirty days after the deadline for an appeal has expired make a good faith effort to satisfy the terms of the judgment.

"Failure of a judgment debtor to comply with the terms of this section shall empower the small claims clerk, upon motion by the plaintiff, to summon the defendant to a hearing where the defendant shall be required to show cause why he should not be held in civil contempt of court. Upon finding the defendant in civil contempt of court for violating the provisions of this section, the small claims judge may make an additional award to the plaintiff of an amount of money up to but not exceeding one half of the judgment outstanding. The remedy provided in this section shall be exclusive and shall not be construed to permit imprisonment of small claims judgment debtors.

"These recommendations would encourage consumers and 'the little guy' to use Small Claims Courts as plaintiffs by providing instruction, foreign language assistance and more equitable procedures.

"I recognize that most small claims actions, however, are filed *against* consumers and contain every possible protection they should have as defendants. The appellate costs provisions, the prima facie case requirements, and the provisions limiting default judgments are calculated to remove present inequalities consumers face in dealing with business plaintiffs who regularly use the court as an efficient collection agency for business debts.

"I would raise the *jurisdiction* of the small claims courts to provide a remedy for claims too small for attorneys to handle, and presently too large for the small claims court.

"It also encourages, through the *prima facie case requirements,* the bringing of actions against consumers by business in the small claims court where they will best be able to defend the suit and, if they lose, will at least have the opportunity to request a fair method of payment suited to their particular financial circumstances.

"I would like to see our legal and governmental institutions combine forces to encourage the adoption of these changes as quickly as possible. Government has had a difficult time in keeping pace with the consumer movement. I would like to see the judiciary take some positive steps to open up a small part of its system to consumers in California."

[6]Not before us is whether or not (as mentioned in fn. 3) discovery is permitted in the trial de novo in the superior court. However, section 117j of the Code of Civil Procedure states that "[o]n appeal the action shall be tried anew." Defendant has the right to have counsel with him in the trial de novo to protect his rights and afford adequate due process (*Prudential Ins. Co.* v. *Small Claims Court,* 76 Cal.App.2d 379, 382 [173 P.2d 38, 167 A.L.R. 820]; *Brooks* v. *Small Claims Court,* 8 Cal.3d 661, 666 [105 Cal.Rptr. 785, 504 P.2d 1249]); however, we are unable to find any case law or statutory authority permitting discovery in the trial de novo in the superior court. It would appear that the trial de novo in the superior court, except for the

The general rule of law is that unless the defaulting party takes steps in the trial court to set aside the entry of default, any further action would be futile. (*A & B Metal Products* v. *MacArthur Properties, Inc.,* 11 Cal. App.3d 642 [89 Cal.Rptr. 873]; *Jones* v. *Moers,* 91 Cal.App. 65, 69-70 [266 P. 821].)

Moreover, very early cases arising, of course, under different code sections and practices permitting appeal from a justice court judgment in the form of a trial de novo in the superior court, clearly prohibited the appeal after a default. (*People* ex rel. *Jones* v. *Co. Court of El Dorado,* 10 Cal. 19.) It appears it is reasonable that this rule should certainly be applicable in the instant case and is compatible with the general legislative intent.

■ In addition, the rules of procedure, as set out in the Code of Civil Procedure, apply to *all* courts, including small claims. (See Code Civ. Proc., § 34.) Code of Civil Procedure section 473 allows a trial court to set aside a default when such default has been taken against an individual because of the individual's mistake, inadvertence, surprise or excusable neglect.

■ Also, since the defendant failed to make a motion to set aside the default in the lower court, he is estopped from appealing the default in any higher court. (See *J. M. Wildman, Inc.* v. *Stults,* 176 Cal.App.2d 670 [1 Cal.Rptr. 651].)

■ However, there is an additional factor here which militates against the application of the above rules of procedure in the case at bench. The record reflects that after the defendant had defaulted by nonappearance, the small claims court entered judgment on a court form entitled "Claim of Plaintiff and Order." The form encompasses the subpoena, the claim and the eventual order. A similar form was delivered/served on the defendant

addition of counsel, should be tried as it was in the small claims court. To do otherwise would appear to defeat the general intent of the Legislature in providing for the efficient disposition of voluminous small claims.

The court in *Cook* v. *Superior Court,* 274 Cal.App.2d 675 [79 Cal.Rptr. 285], alluding to the purpose and the manner in which the small claims court functions, said at page 677: "*Sanderson* v. *Niemann,* 17 Cal.2d 563, 573 [110 P.2d 1025], elaborates as follows: 'It is apparent that such a court was estabished in order to offer a means of obtaining speedy settlement of claims of small amounts. The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings. [Citations.]' "

prior to the hearing. On the back of this form is printed, "Information for Defendants in Small Claims Actions."[7] Paragraph 1b. of the information states that if the defendant makes "no appearance at the trial, . . . the plaintiff may be given a judgment by default for the amount claimed, plus costs." Paragraph 6 of the information states that if the defendant is "dissatisfied with the judgment," the defendant may, "within 20 days after the date of entry of the judgment, appeal the court's decision. See the clerk for forms and procedure on appeal."

The printed matter referred to above makes no distinction between a judgment by contest (on its merits at trial) and judgment by default. It does not advise the unwary lay litigant that if he does not appear at the original hearing he must first make a motion to set aside the default and

---

[7] The full text of the information is as follows:

"1. When you have been served with an order of the court to appear for trial in an action filed against you in the small claims court of this judicial district, you may, if you do not wish to contest the plaintiff's claim:

"a. Make an out-of-court settlement with the plaintiff before the date set for trial, and file the plaintiff's dismissal with the clerk of the court, or

"b. Make no appearance at the trial, in which case the plaintiff may be given a judgment by default for the amount claimed, plus costs.

"2. If you wish to contest the claim against you, you must appear on the date set for trial with all books, papers, and witnesses needed to establish your defense. At your request, the clerk will issue subpenas for appearances of any witnesses you may need.

"3. You are entitled to be served with this "CLAIM OF PLAINTIFF AND ORDER" at least 5 days before trial date if you are served within Los Angeles County, or at least 15 days before the trial date if you are served outside of Los Angeles County. If you are served within the county less than 5 days before trial, or are served outside the county less than 15 days before trial, you may:

"a. Appear in court and request a continuance of not less than 10 days, nor more than 30 days or

"b. Appear in court, waive your statutory right to such service, and proceed with the trial.

"4. If you have a claim against the plaintiff, you may file a "CLAIM OF DEFENDANT" against him. The "CLAIM OF DEFENDANT" must be served upon him at least 48 hours prior to the time set for trial. Forms for this purpose may be obtained from the clerk.

"5. If the plaintiff recovers a judgment against you, he is entitled to immediate payment of the full amount of the judgment, plus court costs, or payment upon such terms as the judge may prescribe. Payments should be made directly to the plaintiff and not to the clerk. When the judgment has been paid in full, you are entitled to receive from the plaintiff a signed statement to that effect, which you should file with the clerk. This statement may be the "Notice of Entry of Judgment" received at the trial, appropriately signed; or a "Satisfaction of Judgment" form which may be obtained from the clerk; or equivalent evidence.

"6. If you are dissatisfied with the judgment, you may, within 20 days after the date of entry of the judgment, appeal the court's decision. See the clerk for forms and procedure on appeal.

"NOTICE: IF YOU DO NOT FILE A CLAIM OF DEFENDANT YOU MAY LOSE ALL RIGHT TO BRING AN ACTION AGAINST THE PLAINTIFF FOR ANY CLAIM EXISTING PRIOR TO THIS ACTION."

default judgment,[8] and show good cause for his failure to appear in accordance with Code of Civil Procedure section 473.

Thus, the printed information supplied the defendant in the instant case did not clearly reflect usual court procedure and was misleading or subject to misinterpretation. In addition, as previously noted, the defendant stated that he called the clerk of the small claims court and was advised that if he were dissatisfied he could appeal. The defendant could therefore reasonably assume that he was complying with the law and the correct procedure by appealing directly to the superior court without first moving in the small claims court to have the default and default judgment set aside and first having his trial on the merits in the small claims court, if his motion were granted.[9]

### CONCLUSION

Accordingly, we hold that the general law that a defaulting defendant must take steps in the trial court to set aside the entry of default before further legal action can be taken also applies to small claims court actions. Therefore, we affirm the superior court holding that the defendant has no standing to appeal to the superior court from the default judgment having made no attempt to vacate the default in the small claims court.

However, in the instant case, the defendant, unschooled in the law, may have been inadvertently misled by either the printed matter on the back of the form as hereinbefore discussed or by the advice from the clerk of the small claims court that he could appeal if he were dissatisfied. Therefore, on the record presented to us, he (the defendant) has established his right to relief from the default as a matter of law and he is entitled to be placed back into the position he was upon receipt of the notice of the default judgment from the small claims court.

Accordingly, we reverse the order of the superior court affirming judgment for the plaintiff. This case is remanded back to the superior court for the purpose of modifying the superior court judgment by deleting the affirmance of the default judgment and with instructions to refer the matter back to the small claims court for further handling, and granting the defendant 20 days from the receipt of the superior court order to move the small claims court, with proper notice to plaintiff, to set aside the default

---

[8]See *Howard Greer etc. Originals* v. *Capritti,* 35 Cal.2d 886 [221 P.2d 937].

[9]We are not here confronted with, and elect not to comment upon, the appellate rights, if any, in the hypothetical situation where a defaulting defendant in a small claims action moves the small claims court to vacate a default and default judgment under the Code of Civil Procedure section 473 and his motion is denied.

and the default judgment pursuant to section 473 of the Code of Civil Procedure.[10]

The judgment as modified is affirmed.

Wood, P. J., and Thompson, J., concurred.

---

[10]We hold, in the instant case, that the time within which a motion pursuant to Code of Civil Procedure section 473 must be made was and is tolled between the date the defendant received notice of the default judgment and the date of receipt of the superior court's order modifying its order, pursuant to this opinion.