[Civ. No. 43349. First Dist., Div. Four. Mar. 21, 1978.]

CLEOPHAS ELOBY, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
ANTHONY CANDELIERI, Real Party in Interest.

**COUNSEL**

Cleophas Eloby, in pro. per., and Rodric L. Robinson for Petitioner.

Richard J. Moore, County Counsel, and Kelvin H. Booty, Jr., Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**CHRISTIAN, J.—** Cleophas Eloby seeks a writ of mandamus commanding respondent superior court to hear a motion by petitioner for new trial after trial de novo in the superior court of a small claims court action in which petitioner is plaintiff and real party in interest is defendant.

Petitioner had sought recovery in the sum of $750 for allegedly defective work done on his automobile. Trial in the small claims court

resulted in judgment for petitioner as prayed. Real party appealed to the superior court (Code Civ. Proc., § 117.8, subd. (a)), and the action was "tried anew" in that court (Code Civ. Proc., § 117.10). Respondent court rendered judgment, again in favor of petitioner and against real party, but only in the sum of $300 plus costs.

Petitioner gave notice of intention to move for a new trial, on the grounds that the decision was contrary to law and that the decision was not supported by the evidence. Respondent court declined to consider the motion on its merits, believing that it lacked jurisdiction to entertain a motion for new trial after judgment on appeal in a small claims action. This court issued an alternative writ of mandate in order to determine whether respondent court should have dealt with the merits of the motion for new trial.

Respondent court stated the view that it did not "have the power to consider a motion for new trial after judgment on appeal in a small claims decision by reason of the provisions of Section 118.1 of the Code of Civil Procedure and the nature and spirit of the Small Claims Law itself." The cited enactment provides: "The judgment of the superior court shall be *final and not appealable.* If the judgment is affirmed in whole or in part or the appeal is dismissed, the defendant shall pay to the plaintiff the amount of the judgment as affirmed, together with interest and costs and the sum of fifteen dollars ($15) as an attorney's fee." (Italics added.) No appellate decisions have been found, interpreting the terms "final and not appealable" in this context. We note that in *Burley v. Stein* (1974) 40 Cal.App.3d 752 [115 Cal.Rptr. 279], after the superior court had affirmed a default judgment of the small claims court, the defendant moved for a new trial in the superior court. The superior court denied the motion after considering its merits, and that exercise of jurisdiction was not questioned in the decision of the Court of Appeal. But it is apparent from the opinion that the superior court's jurisdiction to rule on the motion for new trial was not disputed, and the decision of the appellate court is thus not a holding on that point.

As a general rule, procedural statutes apply to all courts. "The provisions of this code relating to the commencement and prosecution of, and the practice, procedure, and enforcement of judgments and decrees in, actions and proceedings in trial courts, shall apply to all such courts, *except where special provision is made for particular courts,* or where a general provision is not applicable by reason of jurisdictional limitations." (Code Civ. Proc., § 34; italics added.)

Congruently, rule 155, California Rules of Court, governing the handling of civil cases on appeal from municipal and justice courts, provides: "Trial shall be conducted pursuant to law and rules in all respects as other trials in the superior court except that no written findings of facts or conclusions of law shall be required." It thus appears that general provisions pertaining to motions for a new trial (Code Civ. Proc., § 656 et seq.) would apply to appeals from small claims court judgments unless a "special provision" for small claims courts has been made to the contrary. Specifically, the question is whether Code of Civil Procedure section 118.1 is such a provision, since it provides that "The judgment of the superior court shall be final and not appealable."

Petitioner points out that rule 157(c), California Rules of Court, contemplates the possibility of a new trial after a trial de novo upon a small claims appeal: "The appeal shall be dismissed if not brought to trial within one year from the date of filing the appeal in the superior court. If after trial anew a *new trial is ordered,* the appeal in the case shall be dismissed if the case is not brought to trial within one year from the *date of entry of order for the new trial.* Notwithstanding the foregoing provisions, dismissal shall not be ordered or judgment entered if there was in effect a written stipulation extending the time for the trial or if the appellant shows that he exercised reasonable diligence to bring the case to trial. In any event the appeal shall be dismissed if the case is not brought to trial within three years after the appeal is filed in the superior court or *the most recent new trial order is entered in the superior court.*" (Italics added.)

Similarly, rule 61(b), California Rules of Court, defines the term "trial" as including "trial anew pursuant to section 117.10 of the Code of Civil Procedure, trial in the superior court pursuant to section 1469 of the Penal Code, *and a new trial.*" (Italics added.) These rules do contemplate the availability of a motion for new trial in the superior court after appeal from a small claims decision. ■ But the rules do not address the construction of the terms "final and not appealable" in the context of Code of Civil Procedure section 118.1; moreover, a rule of court cannot repeal a statute. ■ Therefore, Code of Civil Procedure section 118.1 must be construed to give effect to the language employed by the Legislature. The language precluding further appeal is unmistakable: a defendant may appeal to the superior court and obtain a trial de novo (Code Civ. Proc., § 117.8, subd. (a)). But no further appeal is allowed to

either party, and review by the Court of Appeal is available only on certification (Code Civ. Proc., § 911; rule 61(b), Cal. Rules of Court). In contending that a new trial is nevertheless available, after appeal to the superior court, petitioner ignores the provision of section 118.1 that the judgment of the superior court on trial de novo in a small claims appeal is not only not appealable to a higher court, but is also "final." It appears that, having precluded further appeal, the legislative purpose in using the word "final" was to preclude also motions for new trial (Code Civ. Proc., § 659) and motions to vacate the judgment (Code Civ. Proc., § 663). No other purpose of the statutory language is apparent; a construction is to be preferred which gives effect to all the terms of the statute. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].)

We agree also with respondent court's conclusion that "the very purpose of the Small Claims Law and the way it is set up is to make quick and speedy and inexpensive the settlement of disputes, and if all of the normal post-judgment proceedings were to be made available in small claims cases, that would be not only the motion for new trial which you have filed, but it would mean that also there would be the power in the court to vacate the judgment under other sections of the code and there would virtually be no time when either the plaintiff or the defendant would know when the decision was final, . . ." Moreover, it would be incongruous, where the plaintiff had no right of appeal (see *Parada* v. *Small Claims Court* (1977) 70 Cal.App.3d 766 [139 Cal.Rptr. 87]), to adopt a construction which would nevertheless allow a motion for new trial after the defendant has appealed. We conclude that the construction of Code of Civil Procedure section 118.1 adopted by respondent court is correct.

The alternative writ is discharged and the petition is denied.

Rattigan, Acting P. J., and Wilson, J.,* concurred.

A petition for a rehearing was denied April 14, 1978, and petitioner's application for a hearing by the Supreme Court was denied May 18, 1978.

---

*Assigned by the Chairperson of the Judicial Council.