[Civ. No. 22966. Fourth Dist., Div. One. Dec. 17, 1980.]

WILFRID ADAMSON, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
M. M. BITKER NUMBER ONE, INC., Real Party in Interest.

---

**COUNSEL**

Feist, Vetter, Knauf & Loy and Alan H. Burson for Petitioner.

No appearance for Respondent.

Wingert, Grebing, Anello & Chapin, Michael Orfield and Edward D. Chapin for Real Party in Interest.

---

**OPINION**

**BROWN (Gerald), P. J.**—May there be a rehearing after an appeal of a small claims matter by trial de novo in the superior court? (Cal. Rules of Court, rule 151 et seq.)

Petitioner Wilfrid Adamson sued real party M. M. Bitker Number One, Inc., doing business as Oceanside Land Co., Inc. (Oceanside), in the small claims court for defects in the construction of his home. The suit was filed beyond the applicable 10-year period of limitations. Adamson won a judgment both in the small claims court and on the trial de novo (appeal) to the superior court. The day after Adamson obtained the favorable judgment on appeal, Oceanside requested alternative relief: either a rehearing, under rule 107, or certification to the Court of Appeal, Code of Civil Procedure section 911. Four days later the superior court granted a rehearing, mooting the request for certification. The court held another hearing and filed a new judgment in favor of Oceanside. Its reasons for the change were mistakes of both

law and fact. The court said it was mistaken in assuming statutes of limitations should not apply in small claims cases, and it had overlooked some documents in the file confirming Adamson had accepted a compromise offer to fix the allegedly defective paint on his home, coupled with an actual repainting. There had been an accord and satisfaction.

California Rules of Court rule 107 provides for a rehearing within seven days of a judgment of the appellate department of the superior court, after an appeal from the municipal or justice court, to correct errors of law or fact. That rule does not expressly apply to appeals from small claims matters which are not heard in the appellate department, but rather are scheduled as trials in the superior court. The court rules governing appeals to superior court are in division II, title 1, California Rules of Court. (P. 39, pamphlet.) They are divided into four chapters, I, Rules of the Appellate Department; II, Appeals from Municipal and Justice Courts in Civil Cases; III, Trial of Small Claims Cases on Appeal from Municipal and Justice Courts; IV, Appeals from Municipal and Justice Courts in Criminal Cases. Rule 107, *supra*, providing for a rehearing, is found in chapter I relating to rules of the appellate department. No such rule or procedure is in chapter III dealing with appeals of small claims matters. As stated, the latter matters are not heard in the appellate department, hence rule 107 is not literally applicable to them.

*Eloby* v. *Superior Court* (1978) 78 Cal.App.3d 972 [144 Cal.Rptr. 597], holds after appeal of a small claims matter, the superior court has no jurisdiction to grant either a motion for a new trial or a motion to vacate the judgment. The court relied on former section 118.1 of the Code of Civil Procedure, now section 117.12, stating the judgment of the superior court after a trial anew "shall be final and not appealable." Construing that language, the court concluded the legislative purpose was to preclude motions for new trial or to vacate judgment, as well as to prevent further appeal, because the court perceived no other purpose for the statutory language, and because such a construction furthered the purpose of the Small Claims Law in general "to make quick and speedy and inexpensive the settlement of disputes . . . ." (*Eloby* v. *Superior Court, supra*, 78 Cal.App.3d 972, 976.) The court said if all the normal postjudgment procedures were available in a small claims matter, there would be no certain time when the parties would know the decision was final. Also, the court thought it would be incongruous, where the plaintiff had no right of appeal, to adopt a construction

which would permit a motion for new trial after the defendant appealed.

The court in *Eloby*, however, noted certain remedies have been applied to small claims causes even though not specifically made applicable, although these remedies undermine the concept of absolute finality. For example, *Burley* v. *Stein* (1974) 40 Cal.App.3d 752 [115 Cal.Rptr. 279], did not question the jurisdiction of the superior court to entertain a defendant's new trial motion even after that court had affirmed a small claims default judgment on appeal. Also, two sections of the Rules of Court contemplate the possibility of a new trial after a small claims appeal, or trial de novo. Rule 157(c) states: "The appeal shall be dismissed if not brought to trial within one year from the date of filing the appeal in the superior court. If after trial anew a new trial is ordered, . . ." Thus it contemplates a possible new trial after appeal by trial de novo. Rule 61(b) states "trial" includes "trial anew" in a small claims matter, as well as trial in the superior court under Penal Code section 1469, and a new trial. As admitted in *Eloby, supra*, this rule, and rule 157(c) *supra*, "contemplate[s] the availability of a motion for new trial in the superior court after appeal from a small claims decision." (*Eloby* v. *Superior Court, supra*, 78 Cal.App.3d 972, 975.) Nevertheless, *Eloby*, as stated, found certain corrective procedures inapplicable in a small claims matter because of the "final and not appealable" language of former section 118.1 and the stated policy of speed and finality in small claims cases.

In another sense, however, such absolute finality does not exist, in a small claims or any other matter. For example, it has been held the Court of Appeal retains inherent jurisdiction to review, on extraordinary writ, small claims matters raising sufficiently important, perhaps jurisdictional, issues. (*Davis* v. *Superior Court* (1980) 102 Cal.App.3d 164 [162 Cal.Rptr. 167].) The inherent jurisdiction of courts to prevent frauds on the court or void acts in excess of jurisdiction are not, and probably cannot, be stripped from the courts by legislative enactment. Thus the absolute finality which *Eloby* viewed as a desirable goal in small claims matters in fact does not and cannot exist. Rather, the narrower issue is whether the small claims legislation was clearly intended to prevent a specific kind of corrective procedure: in *Eloby*, a motion for new trial; here, a motion for rehearing where the court reconsiders what it has already tried.

Obviously, for a superior court to correct on rehearing a mistake it has made on a trial anew, is a speedier and more economical procedure than for the parties to procure such correction through a Court of Appeal proceeding such as certification or an extraordinary writ. Accordingly the policy spoken of in *Eloby* of speed and efficiency in small claims matters is actually furthered rather than hindered if we find the rehearing procedure proper. This is so because, as pointed out in *Davis, supra*, sufficiently serious errors will remain subject to correction in the Court of Appeal, by more cumbersome means, unless we permit the superior court judge an opportunity to correct such problems.

Because absolute finality is neither mandated by the statute nor a desirable goal, given the human fallibility of all persons, including judges, it is preferable to construe the statutes and rules to permit the speedy rehearing procedure authorized by rule 107, rather than preclude the trial court from correcting itself even once, and making necessary more time consuming extraordinary remedies. Accordingly we conclude although *Eloby, supra*, may well have been correct in finding the time consuming remedy of a new trial unavailable after a trial anew, that holding does not necessitate the conclusion of the unavailability of the rehearing procedure. That procedure is simple and subject to sharp time limits, and it is not anywhere made unavailable in a small claims matter. Courts are not powerless to formulate rules of procedure where justice demands it. (E.g., *Addison* v. *State of California* (1978) 21 Cal.3d 313, 318-319 [146 Cal.Rptr. 224, 578 P.2d 941].)

We conclude the superior court has jurisdiction to grant a rehearing, as set out in rule 107, after trial anew of a small claims matter. The petition for a writ is denied.

Cologne, J., and Work, J., concurred.