[No. D007617. Fourth Dist., Div. One. May 5, 1988.]

ROD CALVAO, as Auditor, etc., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
MYRON KLIPPERT, Real Party in Interest.

**COUNSEL**

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace and Leonard W. Pollard II, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Georgiou & Tosdal and Thomas Tosdal for Real Party in Interest.

**OPINION**

**WORK, J.**—Myron Klippert, a County of San Diego employee, was given an increase in his bonus June 21, 1985. Due to clerical error, it was not included in his pay until May 19, 1987. The county reimbursed Klippert for the year preceding discovery of the error (May 19, 1986–May 19, 1987) and disallowed the rest on the basis it was barred by San Diego County Administrative Code section 147. Klippert sued in small claims for the amount disallowed and got judgment. A trial de novo in superior court had the same result. The county brought a petition for writ of mandate and request for stay of execution. We declined to issue a stay but now grant the relief requested.[1]

Government Code section 905 requires all claims for money or damages against local public entities be brought in accordance with the Tort Claims Act except "[c]laims by public employees for fees, salaries . . . or other expenses . . . ." (Gov. Code, § 905, subd. (c).) As to these excepted claims, the local public entity is to adopt appropriate rules and regulations (Gov. Code, § 935). The County of San Diego has adopted article X, "Claims Against the County," into the San Diego County Administrative Code.

---

[1] Although small claims appeals to superior court are final and not appealable (Code Civ. Proc., § 117.12; *Eloby* v. *Superior Court* (1978) 78 Cal.App.3d 972, 975-976 [144 Cal.Rptr. 597]), review by petition for writ is permissible (*Davis* v. *Superior Court* (1980) 102 Cal.App.3d 164, 168 [162 Cal.Rptr. 167]).

Section 145 et seq. covers the excepted money claims which are subject to time limitations set out in section 147. "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented not later than the 100th day . . . . A claim relating to any other cause of action shall be presented not later than one year after the accrual of the cause of action." (San Diego County Admin. Code, § 147.) ■ A cause of action for salary accrues at the time each periodic salary payment is made, triggering the running of a new limitations period. (*Jones* v. *Tracy School Dist.* (1980) 27 Cal.3d 99, 105-106 [165 Cal.Rptr, 100, 611 P.2d 441].) Payment here to Klippert for one year was proper.

The superior court in its trial de novo believed there was a fiduciary relationship between the county and its employees. This relationship, it believed, meant Klippert had no duty to inquire whether his compensation was correct and the cause of action would not "accrue" until the underpayment was discovered. However, this is an employment contract situation. There is no confidential or fiduciary relationship in this context. (See Lab. Code, § 2750.)

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the superior court to set aside its judgment after trial de novo on appeal from the small claims court and to enter judgment for petitioner. Execution on the judgment is stayed, or, if execution has been effected, real party is directed to reimburse petitioner.

Kremer, P. J., and Todd, J., concurred.