[No. A075422. First Dist., Div. Five. Nov. 26, 1996.]

ERA-TROTTER GIROUARD ASSOC. et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
VIVIAN B. MILLER, Real Party in Interest.

**COUNSEL**

LeRoy W. Rice for Petitioners.

No appearance for Respondent.

James D. Sumner for Real Party in Interest.

**OPINION**

**PETERSON, P. J.—** ▮▮▮ We hold that a judgment rendered in a superior court on a small claims appeal may not be attacked by a motion to vacate under Code of Civil Procedure section 473.[1] We agree with *Eloby* v. *Superior Court* (1978) 78 Cal.App.3d 972 [144 Cal.Rptr. 597] (*Eloby*),

---

[1]All subsequent statutory references are to the Code of Civil Procedure; all rule references are to the California Rules of Court.

which held that a small claims appeal judgment may not be reconsidered on a motion for new trial or a motion to vacate under section 663. We disagree with *Adamson* v. *Superior Court* (1980) 113 Cal.App.3d 505 [169 Cal.Rptr. 866] (*Adamson*), which held that such a judgment was subject to a motion for rehearing. In short, the legislative mandate that a judgment on a small claims appeal be "final and not appealable" (§ 116.780, subd. (a)) means the judgment is immune from virtually any postjudgment attack. In a proceeding designed to be a speedy resolution of disputes over relatively minor amounts of money, this immunity is the cost of finality.

Petitioners ERA-Trotter Girouard Assoc. (ERA) and Sentinel Realty Company (Sentinel) are plaintiffs in two small claims proceedings brought against real party Vivian B. Miller (Miller). ERA and Sentinel each obtained a judgment against Miller of $5,000. Miller appealed to the superior court, and the matters were tried de novo. After trial, the superior court entered judgments for ERA and Sentinel in the same amount as had the small claims court. Miller then moved to vacate the judgments under section 473. Despite ERA and Sentinel's contention that the court lacked jurisdiction to entertain such a motion, the court granted the motion and ordered the matter retried. ERA and Sentinel seek writ review. We stayed retrial and, after obtaining opposition from Miller, issued an order to show cause in lieu of an alternative writ. Having heard oral argument, we hold the superior court was without jurisdiction to consider, much less grant, the motion to vacate. Accordingly, we grant the peremptory writ.

## I. PROCEDURAL BACKGROUND AND FACTS

Because this is a small claims case, the substantive facts do not come to us in the usual form of a clear record of the trial court proceedings. Since the issue before us is procedural, a detailed discussion of the apparent facts, qualified by apologies for our lack of appellate certainty, is not necessary. It suffices to present the following facts which appear undisputed.

ERA and Sentinel are real estate brokers. Miller's son, acting on a power of attorney, entered into an exclusive agency contract with ERA for the sale of Miller's home. Sentinel provided a buyer. The son signed a contract of sale. On the day escrow was to close, Miller filed a superior court action, the apparent gist of which was to repudiate the sales contract. The sale was aborted; and both ERA and Sentinel lost their commissions, which they value at $6,200 each.

ERA and Sentinel sued Miller in small claims court in separate proceedings. They each obtained a judgment against Miller for $5,000 plus $54

costs. Miller thereafter exercised the small claims defendant's right of appeal to the superior court. (§ 116.710.) The same trial date was set for each appeal and then continued at Miller's request. A second date was set for trial and for the hearing of certain motions, including a motion to consolidate both appeals. Counsel for Miller mistakenly concluded the second date was for the hearing of motions only, and thus instructed his client not to appear the morning of trial. That morning the appeals were consolidated. Because of counsel's error in telling his client to stay home, the superior court put the matter over to the afternoon to give counsel time to bring his client into court; however, counsel was not free that afternoon due to a scheduled federal court appearance. The superior court proceeded to trial that afternoon in Miller's absence and that of her counsel. The superior court entered judgments for each petitioner in the same amount as that entered in small claims court.

Two months after the judgments were entered, Miller filed a motion to vacate the judgments for excusable neglect of counsel. (§ 473.) The motion was based on counsel's neglect for scheduling a federal district court appearance for the afternoon of the trial date. Petitioners opposed the motion on the ground, inter alia, that the superior court lacked jurisdiction to vacate a judgment entered in a small claims appeal. The superior court granted the motion, vacated the judgments, and ordered a retrial de novo.

This petition followed.

## II. DISCUSSION

Our small claims system is designed for the speedy final resolution of minor disputes. (*Eloby, supra,* 78 Cal.App.3d at p. 976.) A plaintiff who loses has no right of appeal; a defendant who appears at the hearing and loses has the right to appeal to the superior court. (§ 116.710, subds. (a) & (b).) That "appeal" is one in name only: A small claims appeal is, in fact, a trial de novo in superior court. (§ 116.770, subd. (a).) At the end of that trial—the second trial of the cause between the litigants—the superior court issues its judgment. By statute, that judgment is "final and not appealable." (§ 116.780, subd. (a).) The precise meaning of this phrase has been elusive.

In *Eloby,* this district construed identical language in the predecessor of section 116.780, former section 118.1. The *Eloby* court interpreted the phrase "final and not appealable" to mean that the superior court was without jurisdiction to entertain either a motion for new trial or a motion to

vacate judgment filed under section 663.[2] (*Eloby, supra,* 78 Cal.App.3d at pp. 975-976.) The *Eloby* decision was based not only on the principles of statutory construction but on the general principle that small claims proceedings be both speedy and final. (P. 976.) " '[T]he very purpose of the Small Claims Law . . . is to make quick and speedy and inexpensive the settlement of disputes, and if all of the normal post-judgment proceedings were to be made available in small claims cases, that would be not only the motion for new trial . . . , but . . . also there would be the power in the court to vacate the judgment under other sections of the code and there would virtually be no time when either the plaintiff or the defendant would know when the decision was final . . . .' " (*Ibid.*)

Two years after *Eloby,* however, the Fourth District softened *Eloby*'s strict approach by ruling in *Adamson* that a losing party to a small claims appeal could move for a rehearing under rule 107. Rule 107, however, does not govern small claims appeals, which are trials de novo conducted in individual superior court trial departments. The rule governs only appeals from judgments of municipal or justice courts to the appellate departments of the superior court. Despite the obvious inapplicability of rule 107, *Adamson* held the small claims litigant could avail itself of the rule because (1) the rule's purpose is to correct mistakes, and (2) seven extra days would not defeat the principle of prompt small claims finality. (*Adamson, supra,* 113 Cal.App.3d at pp. 508-509.)[3] The chief rationale of the *Adamson* ruling is the court's inherent power to correct either its own errors or "frauds on the court or void acts in excess of jurisdiction." (P. 508.) A reading of the *Adamson* opinion, however, reveals the decision contemplated rehearing motions based on mere error, such as mistakes of law and fact, not just fundamental challenges to a fraud or to the excess of the court's jurisdiction. (Pp. 506-507, 509.)

We believe *Eloby* states the correct policy of finality and that *Adamson* was wrongly decided. The latter decision mixes apples and oranges by grafting an appellate department rule to a proceeding to which it clearly does not apply. Indeed, *Adamson* indulges in a form of judicial legislation—perhaps more common in this state in 1980 than today—by creating from whole cloth an exception to the legislative determination that the second trial in a small claims action be final and not routinely subject to further judicial examination.

We do not necessarily preclude all postjudgment review of a small claims appeal judgment. We assume, without deciding, that the judgment could be

---

[2]A motion to vacate under section 663 is based on the judgment's erroneous legal basis or a lack of consistency with the facts.

[3]The rule now provides for a petition for rehearing within 15 days of pronouncement of judgment. (Rule 107(c).)

reconsidered by the superior court in that most unusual case where, as *Adamson* pointed out, there could be a fraud on the court or void acts in excess of jurisdiction. Although it reached an incorrect legal conclusion, *Adamson* correctly noted the general policy in favor of a court's inherent power to fashion procedure to correct frauds on the court or acts in excess of judicial power. (113 Cal.App.3d at p. 509.) We part company from *Adamson* when it deviates from this sound policy and allows a process for *routine* review of final small claims appeal judgments for mere error, not just fraud or acts in excess of jurisdiction.[4]

We conclude that a superior court judge determining a small claims appeal has no jurisdiction to entertain a motion to vacate judgment under section 473. Nor does that judge have jurisdiction to entertain a motion for new trial, a motion to vacate judgment under section 663, or a petition for rehearing under rule 107. We assume without deciding that the judge could entertain a motion to vacate or reconsider the judgment based not on mere error but on the fundamental questions of fraud upon the court or the court's action in excess of its jurisdiction.

We further assume there may be circumstances where a superior court hearing a small claims appeal, like an appellate court, would have the inherent power to correct an irregular or improvident order. (See *Rowland* v. *Kreyenhagen* (1864) 24 Cal. 52, 59-60.) An "improvident order" is one entered not as a result of fraud or imposition upon the court, but rather "rendered unintentionally and inadvertently by reason of the court's own mistake of fact or lack of knowledge of the circumstances . . . ." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 606, p. 593; see *Municipal Bond Co.* v. *Riverside* (1934) 138 Cal.App. 267, 285-286 [32 P.2d 661].)[5]

■ The judgments below were not improvident orders of the superior court. Rather, they were the result of the mistakes of counsel. The record shows no excuse for counsel's failure to appear with his client on the trial date, prepared for trial. More significantly, counsel waited *two months* to bring his motion to vacate under section 473. Thus, even if the court had the

---

[4]We also note that postjudgment review may be had by the process of certification to the Court of Appeal, to secure uniformity of decision or settle important questions of law. (Rule 63; *Eloby, supra,* 78 Cal.App.3d at pp. 975-976.) Furthermore, if there is a need for a statewide precedent on an issue, a Court of Appeal may entertain a petition for extraordinary writ—as we are doing in the present case. (See *Davis* v. *Superior Court* (1980) 102 Cal.App.3d 164, 168 [162 Cal.Rptr. 167].)

[5]For instance, where a defendant in a small claims appeal does not receive adequate notice of the trial date in superior court and, thus, fails to appear and suffers a default, a superior court should not be without power to fashion a remedy.

inherent power to order a new trial, it would have been inappropriate to do so upon the facts of this case.

## III. DISPOSITION

Let a peremptory writ of mandate issue commanding respondent superior court to set aside its order vacating the judgments in the small claims appeals, and to reinstate those judgments. The stay of retrial shall dissolve upon the finality of this opinion as to this court. The parties shall bear their own costs.

Haning, J., and Snowden, J.,* concurred.

---

*Judge of the Napa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.