[No. A110564. First Dist., Div. Five. July 28, 2005.]

MARIAN E. BRICKER, Petitioner, v.
THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent;
ANDREW J. STUNICH, Real Party in Interest.

[No. A110606. First Dist., Div. Five. July 28, 2005.]

MARIAN E. BRICKER, Petitioner, v.
THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent;
LEOLA SANTSCHE et al., Real Parties in Interest.

## COUNSEL

Law Office of Christopher G. Metzger, Christopher G. Metzger and Ezra Eli Borntrager for Petitioner.

No appearance for Respondent.

Roberts, Hill, Bragg, Angell & Perlman and Jason J. Eads for Real Parties in Interest.

## OPINION

**THE COURT.**[*]—Petitioner in these consolidated writ proceedings, Marian E. Bricker, and her husband, Ronald L. Bricker, were sued in small claims court by 11 sets of neighbors for nuisance. Following trial in the small claims matters, judgments were entered in all 11 cases in favor of plaintiffs and against petitioner and her husband. The small claims court's minutes indicate that petitioner's husband was present at the small claims trials, but petitioner was "not present." The record is silent as to whether defaults were entered against petitioner due to her failure to appear at the small claims trials, or whether, as petitioner contends, her husband asked for permission to appear, or was permitted to appear on her behalf pursuant to Code of Civil Procedure section 116.540, subdivision (j).[1]

Following rendition of judgment, petitioner and her husband appealed all 11 adverse judgments. Respondent superior court thereafter issued and served a "Notice of Hearing" in each of the 11 appeals, notifying the parties, including petitioner, of the scheduling of a readiness conference. At the outset of the readiness conference, respondent announced that petitioner "has no right to appeal" since "[s]he did not appear at the small claims matter." Respondent advised counsel that petitioner "would have to file a motion to vacate the judgment with the small claims judge."[2] The minutes from the readiness conference in each appeal state that "[t]he Court finds that Defendant Marian Bricker has no right to appeal as she did not appear at the small claims hearing."

■ At a later hearing, petitioner's counsel raised the issue of the court's apparent dismissal of petitioner's appeals, and argued that the dismissal was

---

[*]Before Jones, P. J., Stevens, J., and Gemello, J.

[1] Code of Civil Procedure section 116.540, subdivision (j) reads: "A husband or wife who sues or who is sued with his or her spouse may appear and participate on behalf of his or her spouse if (1) the claim is a joint claim, (2) the represented spouse has given his or her consent, and (3) the court determines that the interests of justice would be served."

[2] The time to file a motion to vacate had already passed by this time. (Code Civ. Proc., § 116.730, subd. (a).)

contrary to Code of Civil Procedure section 116.540, subdivision (j), which permits a spouse to appear at a small claims hearing on behalf of another spouse. Respondent stated: "Nobody told me [petitioner] was disabled or anything else. All I know is the file indicates she was not there. Consequently, she has no right to appeal." Petitioner's counsel then stated that "there wasn't any Order to Show Cause stating why her appeal should not be dismissed." Near the end of the hearing, petitioner's counsel asked whether petitioner's appeals were orally dismissed, and respondent stated, "I have no information whatsoever there is any reason that this person was allowed to appeal, not having been there. There was nothing presented, as I can determine in the minutes, so, yes. File your writ." The minutes from this hearing recount that petitioner's counsel addressed the court "regarding party status of [petitioner]" and that "[t]he Court advised that there is nothing in the Court Minutes as to why [petitioner] was not present at the original hearing."

Petitioner then filed writ petitions in this court, seeking relief from the dismissal of her small claims appeals. On our own motion, we consolidated the petitions for purposes of briefing and decision. We also issued a stay of the trials de novo in the 11 small claims appeals, and requested and obtained briefing from the parties.

## DISCUSSION

■ The Courts of Appeal have historically been reluctant to review rulings in small claims matters. The reason for this is obviously to promote the policy of speedy and inexpensive resolution of cases falling within the jurisdiction of small claims court. (Code Civ. Proc., § 116.510.) But while disfavored, it has been held that review of small claims judgments may be available by extraordinary writ where there is "statewide importance of the general issues presented" (*Green v. Superior Court* (1974) 10 Cal.3d 616, 621 [111 Cal.Rptr. 704, 517 P.2d 1168]) and "in order to secure uniformity in the operations of the small claims courts and uniform interpretation of the statutes governing them" (*Davis v. Superior Court* (1980) 102 Cal.App.3d 164, 168 [162 Cal.Rptr. 167]). Writ review is appropriate under the foregoing authorities in light of the due process problem raised by petitioner.

■ While "[t]he hearing and disposition of the small claims action shall be informal, the object being to dispense justice promptly, fairly, and inexpensively" (Code Civ. Proc., § 116.510), due process constraints nevertheless apply to small claims matters (see *ERA-Trotter Girouard Assoc. v. Superior Court* (1996) 50 Cal.App.4th 1851, 1857 & fn. 5 [58 Cal.Rptr.2d 381] ["where a defendant in a small claims appeal does not receive adequate notice of the trial date in superior court and, thus, fails to appear and suffers a default, a superior court should not be without power to fashion a remedy"]).

■ "It is a cardinal principle of our jurisprudence that a party should not be bound or concluded by a judgment unless he has had his day in court. This means that a party must be duly cited to appear and afforded an opportunity to be heard and to offer evidence at such hearing in support of his contentions. [¶] His right to a hearing does not depend upon the will, caprice or discretion of the trial judge who is to make a decision upon the issues. [¶] An order or judgment without such an opportunity is lacking in all the attributes of a judicial determination. [Citations.] [¶] Refusal to permit counsel for petitioner to present evidence and make a reasonable argument in support of his client's position [i]s not a mere error in procedure. It amount[s] to a deprival of a substantial statutory right . . . ." (*Spector v. Superior Court* (1961) 55 Cal.2d 839, 843–844 [13 Cal.Rptr. 189, 361 P.2d 909].) California Rules of Court, rule 155, which deals with the dismissal of small claims appeals, does not contemplate the procedure followed by the superior court in this matter.[3]

In *Moore v. California Minerals etc. Corp.* (1953) 115 Cal.App.2d 834 [252 P.2d 1005], following the parties' opening statements at trial, the trial judge essentially granted an unnoticed motion for judgment on the pleadings. (*Id.* at pp. 835–836.) "The ruling came as a surprise to defense counsel, who had no opportunity to point out the sufficiency of the answer . . . . The parties were prepared to go to trial, and but for the precipitate and unexpected action of the court would have done so." (*Id.* at p. 836.) The court found that defendant's due process right to be heard had been violated, since "[w]hen the court summarily disposed of the case, defense counsel was given no opportunity to defend his pleading . . . . It is true that he could have asked the court to recall its decision and listen to argument, but this opportunity, as every lawyer knows, is a poor substitute for the right to be heard before the decision is announced. . . . [¶] . . . [¶] In our research we have not discovered another case in which judgment was rendered upon a point of law raised by the court with no warning of counsel and no opportunity given to ward off the blow. Elementary principles of due process support our conclusion that if, during a trial, the court, *sua sponte*, unearths a point of law which it deems to be decisive of the cause, the party against whom the decision impends has the same right to be heard before the decision is announced that he has to produce evidence upon the issues of fact. Denial of that opportunity deprived

---

[3] Subdivisions (a) and (b) of rule 155 permit a small claims appellant to file a written abandonment or request for dismissal of the appeal, or for the parties to file a stipulation for abandonment/dismissal. Subdivision (c) of rule 155 requires dismissal of a small claims appeal "if not brought to trial within one year from the date of filing the appeal" or entry of an order granting a new trial, and while the parties may stipulate to an extension of time for trial the appeal must nevertheless be dismissed if not brought to trial within the aforementioned timelines. Subdivision (d) of rule 155 requires, inter alia, the clerk of the court to "immediately notify the parties of any order of dismissal."

defendant of a substantial right to which it was entitled by virtue of the guarantee of due process. [Citations.]" (*Id.* at pp. 836–837.)

Here, petitioner was not notified prior to the readiness conference that respondent was considering dismissing her appeals. At the beginning of the readiness conference, and without even mentioning to the parties at that time that it was considering the question, respondent announced its decision that petitioner had no right to appeal. Respondent's sua sponte ruling, which effectively dismissed petitioner's appeals from the 11 small claims judgments, plainly violated petitioner's due process rights.

Since respondent superior court never properly noticed or held a hearing on the question of whether petitioner's appeals should be dismissed, mandamus is appropriate to compel respondent's compliance with the due process principles discussed herein. Respondent should properly notice and hear the dismissal matter anew, permitting the parties to present evidence and argument concerning whether petitioner's appeals should be permitted to proceed. Although the parties' briefs and evidentiary submissions in this court discuss the merits of the dismissal question, it would plainly be inappropriate for this court to pass on this question in first instance. The parties never had the opportunity to litigate this issue before respondent superior court, and it appears resolution of the dismissal issue may require rendition of factual findings on conflicting evidence.

## DISPOSITION

We previously advised the parties that we might issue a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180 [203 Cal.Rptr. 626, 681 P.2d 893].) Petitioner's right to relief is obvious, no useful purpose would be served by issuance of an alternative writ, further briefing and oral argument, and the petitions are unusually urgent in that they involve small claims actions, which are to be resolved "promptly. " (Code Civ. Proc., § 116.510; see *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961]; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241 [82 Cal.Rptr.2d 85, 970 P.2d 872].)

Therefore, let a peremptory writ of mandate issue commanding respondent superior court to set aside and vacate its dismissal of petitioner's small claims appeals in Humboldt County Superior Court Actions Nos. SC040716, SC040717, SC040718, SC040719, SC040720, SC040721, SC040722, SC040723, SC040724, SC040725 and SC040726, and to schedule further proceedings consistent with the views expressed in this opinion. This decision shall be final immediately as to this court. (Cal. Rules of Court, rule

24(b)(3).) Petitioner shall recover her costs. (Cal. Rules of Court, rule 56($l$).) This court's stay order shall dissolve upon respondent superior court's compliance with the peremptory writ.