Louise J. MILLER, Appellant,

v.

Joyce C. JONES and Ava Jones, Jr., Appellees.

Court of Appeals of Kentucky.

Oct. 28, 1983.

Jack T. Baker, Johnson, Dunnigan & Martin, Ashland, for appellant.

David Justice, Creech & Curtis, Ashland, for appellees.

Before DUNN, LESTER and McDONALD, JJ.

LESTER, Judge.

This appeal is entertained by virtue of discretionary review being granted of an order dismissing an appeal from a judgment of the Small Claims Division of the Greenup District Court.

The appellees, acting as their own counsel, brought an action against appellant in the Small Claims Division for damages arising out of an automobile accident. Appellant, through her attorney, filed an answer, but judgment was entered in favor of the plaintiffs below on April 23, 1982. Eleven days thereafter Miller filed her notice of appeal, but her cause was dismissed by the Circuit Court for failure to take her appeal within ten days of the judgment as is provided by KRS 24A.340. She now presents to this Court the issue of the constitutionality of the statute from the standpoint of an infringement upon the rule making power of the Supreme Court granted through Section 116 of our constitution. More specifically, appellant urges that KRS 24A.340 is in direct conflict with CR 73.02(1)(a) which allows thirty days in which to file notice of appeal.

Initially we should point out that the Small Claims Division of the District Court does not have its origin in our recently adopted judicial amendment to the state's constitution. It is a creature of the Legislature having been provided for by enactment of the 1976 General Assembly, to become effective in March, 1977. Generally speaking, what the legislative branch creates it also has the power to implement or even abolish. In giving life to this branch of the judicial system, the legislature defined its purpose in these words at KRS 24A.200:

The purpose of KRS 24A.200 to 24A.360 is to improve the administration of justice in small noncriminal cases, and

make the judicial system more available and comprehensible to the public; to simplify practice and procedure in the commencement, handling, and trial of such cases in order that plaintiffs may bring actions in their own behalf, and defendants may participate actively in the proceedings rather than default; to provide an efficient and inexpensive forum with the objective of dispensing justice in a speedy manner; and generally to promote the confidence of the public in the overall judicial system by providing a forum for small claims.

We view this language as providing a special remedy for litigants that have moderate claims of a limited amount. Putting it another way:

> The general purpose of small claims courts is to provide a summary procedure less costly and *less protracted than the ordinary procedure,* for the litigation of small claims, that is, claims not exceeding a certain specified amount. 20 Am.Jur.2d *Courts* § 31 at 411 (emphasis added).

Thus we note that our statute provided for the disposition of small claims in "a speedy manner" while the texts refer to a "less protracted" type of procedure.

In implementation of the small claims division, the General Assembly directed that appeals be taken from its judgments in ten days, KRS 24A.340, which it provided for in 1976. It also extended to the defendant the privilege of a trial by jury (KRS 24A.310) and the means to accomplish this (KRS 24A.320), but in that event "it shall be removed from the division to the district court" (KRS 24A.310(2)). Appellant did not seek such removal.

■ At the same time the Small Claims Division became effective, March 19, 1977, but after its creation, the Supreme Court amended CR 73.01 to the effect:

> Rules 73, 74, 75 and 76 *apply* to all appeals in civil actions *except* as otherwise provided in Rule 72 or *in statutes creating special remedies.* (emphasis added).

It requires no citation of prior opinions that we have said that when the legislative body adopts a statute it is deemed to have been aware of prior enactments on the same subject matter. In this same context we may also assume that the Supreme Court was aware of KRS 24A.340 when it amended CR 73.02(1)(a) in 1978 because it had already determined that CR 73 was inapplicable where there was a statute creating a special remedy. CR 73.01(1). This would be in keeping with its enunciated policy when the Supreme Court wrote in *Ex Parte Auditor of Public Accounts,* Ky., 609 S.W.2d 682, 688 (1980).

Inevitably, there is and always will be a gray area in which a line between the legislative prerogatives of the General Assembly and the rule-making authority of the courts is not easy to draw. The policy of this court is not to contest the propriety of legislation in this area to which we can accede through a wholesome comity. There is, for example, the statute providing for the disqualification of judges, KRS 26A.015, as contrasted with SCR 4.300 Canon 3, C(1), in which the same subject-matter is included as a part of the Code of Judicial Conduct. There is also the matter of court costs and fees. See KRS 24A.270. Even the statutory creation of a small claims division within the structure of the constitutionally-established district court, KRS 24A.230, is not beyond the pale of an honest difference of opinion. But we hold the General Assembly in the highest respect, and much prefer cooperation over conflict. It has done great work in accommodating the statutes to the new and hitherto-untried requirements of the 1975 Judicial Amendment, and to the extent that we are able to accept its judgments without leaving seeds of future jeopardy to the integrity of the judicial system we shall continue to do so.

■ So that there be no doubt, we hold that the General Assembly provided a special remedy in the creation of the Small

Claims Division and that KRS 24A.340 is a valid enactment *as to appeals from that division* as recognized by CR 73.01 and *Ex Parte Auditor of Public Accounts, supra,* while CR 73.02(1)(a) governs all other appeals including those from the District Court. There is no unconstitutional legislative infringement upon the rule-making power of the judiciary.

The judgment is affirmed.

All concur.