Peter **HIBBERD** and Commonwealth of Kentucky ex rel. Frederic J. Cowan, Attorney General, and Consumer Protection Division, Appellants,

v.

**NEIL HUFFMAN DATSUN, INC., Appellee.**

No. 89–CA–001272–DG.

Court of Appeals of Kentucky.

June 29, 1990.

Robert L. Martin, Louisville, Frederic J. Cowan, Atty. Gen., Nora K. McCormick, Asst. Atty. Gen., Frankfort, for appellants.

Stuart A. Handmaker, Louisville, for appellee.

Before CLAYTON, DYCHE and LESTER, JJ.

CLAYTON, Judge.

This appeal arises from a small claims action filed by Hibberd. After judgment was entered in favor of Hibberd by the Jefferson District Court, Small Claims Division, Neil Huffman Datsun, Inc., (Huffman) timely requested relief under CR 59. The relief was denied, and Huffman prosecuted an appeal to the Jefferson Circuit Court. The circuit court heard the appeal, and reversed the judgment. Hibberd moved this court to exercise discretionary review of the decision, which was granted on the question of whether small claims court judgments are subject to the filing of post-judgment motions pursuant to CR 50.-02, 52.02 and CR 59, and whether the timely filing of said motions tolls the time for taking an appeal pursuant to KRS 24A.340. The Commonwealth ex rel Frederic J. Cowan, Attorney General, and the Consumer Protection Division was granted leave to file an *amicus curiae* brief. We hold that such motions do not toll the time for appeal, and hence reverse.

The factual situation is simple. Hibberd, appearing *pro se*, obtained a judgment against Huffman, who was represented at the hearing by an employee or other representative, but not an attorney. Huffman then retained an attorney who timely filed a motion under CR 59 requesting a new trial, or, alternatively, reopening for more proof, and new findings of fact and conclusions of law, and a new judgment. The district court apparently heard the motion on the merits, but denied it. An appeal was prosecuted by Huffman within ten (10) days of entry of the order overruling the CR 59 motion.[1] The appeal was not, however, filed within ten (10) days of entry of the original judgment. As a result, we are squarely presented with the issue of the effect of a motion for a new trial under CR 59, and, by implication, the effect of other post-judgment motions in CR 50.02 and CR 52.02 upon small claims judgments and appeals therefrom.[2]

The starting point of our analysis is KRS 24A.200, which states the purpose of the small claims division. It provides:

> The purpose of KRS 24A.200 to 24A.360 is to improve the administration of justice in small noncriminal cases, and make the judicial system more available and comprehensible to the public; to simplify practice and procedure in the commencement, handling and trial of such cases in order that plaintiffs may bring actions in their own behalf, and defendants may participate actively in the proceedings rather than default; to provide an efficient and inexpensive forum with the objective of dispensing justice in a speedy manner; and generally to promote the confidence of the public in the overall judicial system by providing a forum for small claims.

---

1. "Any party aggrieved by a judgment of the small claims division may appeal within ten (10) days of the judgment to the circuit court in the judicial district where such division is located." KRS 24A.340.

2. The general rule is that the post-judgment motions above mentioned operate to toll the running of time in which an appeal must be filed. CR 73.02(1)(e).

■ The next step is the nature of the small claims division. It is a creature of the legislature and not the judicial article (the Constitutional Amendment). *Miller v. Jones*, Ky.App. 658 S.W.2d 888 (1983). Since the General Assembly created it, that body can choose how to implement it or even to abolish it. *Id.* As a result, and in the spirit of comity, the ten (10) day time limit on appeals contained in KRS 24A.340, in contrast to the thirty (30) day time limit for all other appeals contained in CR 73.02, has been upheld. *Id.* at 889–90, citing *Ex Parte Auditor of Public Accounts*, Ky., 609 S.W.2d 682, 688 (1980); and CR 73.01. Thus, it is implicitly within the ability of the General Assembly to limit or prohibit the use of post-judgment motions in small claims division.

■ *Miller* did not, however, reach the question presented by this appeal. We next consider, therefore, the applicable Civil Rules, and see if they allow use of the post-judgment motions at issue. The Civil Rules govern procedure and practice in all civil actions, except for special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures in the Civil Rules. CR 1(2). All civil appeals are governed by CR 73, 74, 75 and 76, except as otherwise provided in CR 72, or in statutes creating special remedies. CR 73.01(1). Thus, it can be seen that the Civil Rules direct us circuitously back to a detailed consideration of whether the statute has inconsistent procedures which will prevail.

The only express difference between the statute and the Civil Rules is the ten (10) day limit for appeals. As a result, we must attempt to discern the intent of the General Assembly regarding the motions at issue, since legislative intent "must be a pole star to guide us." *Wesley v. Board of Edu-*

*cation of Nicholas County*, Ky., 403 S.W.2d 28, 29 (1966).

The overriding thrust of KRS 24A.200 is efficiency, speed, and understandability. It is that thrust which gives rise to the ten (10) day limit on appeals rather than the usual thirty (30) day limit. As a result, we think the proper inquiry is whether the post-judgment motions at issue would promote the purposes of the small claims division.[3]

Although the question is open to honest debate, we hold that the post-judgment motions do not promote these purposes. We reach our conclusion because the basic thrust of the small claims division is to the simplification of the legal system to allow laymen easy and understandable access to our courts. As a result, we must construe the statute to avoid introducing additional complicating procedural requirements such as the post-judgment motions at issue.

Moreover, the small claims division is a special statutory proceeding. As such, its procedures prevail over the Civil Rules to the extent that they differ. CR 1; *See also* CR 73.01(1).

In sum we hold that the time to take an appeal from a small claims division judgment under KRS 24A.340 is not tolled by motions under CR 50.02, 52.02, and CR 59. The judgment of the Jefferson Circuit Court is reversed, and the judgment of the Jefferson District Court, Small Claims Division in favor of Hibberd is affirmed.

All concur.

■

---

**3.** We have also been cited to several cases from other jurisdictions by the parties. Among the more illustrative cases are: *Eloby v. Superior Court of County of Alameda*, 78 Cal.App.3d 972, 144 Cal.Rptr. 597 (1978); *Barnes Beauty College v. McCoy*, Iowa, 279 N.W.2d 258 (1979); *Boothbay Register, Inc., v. Murphy*, Me., 415 A.2d 1079 (1980); *Reineck v. Randall*, Ohio App., 484 N.E.2d 1061 (1984); and *Hume v. Small Claims Court of Murray City*, Utah, 590 P.2d 309 (1979). Review of the cases was revealing since it demonstrated the diversity with which other states have chosen to implement their small claims courts. The force of their authority for either appellants or appellee was muted, however, by the very diversity noted, because the decisions were premised upon the local rules and statutes which are not in complete accord with our own.