Ray CORNS, Judge, Franklin Circuit Court; Robert C. Yount, Margaret R. Yount, Henrietta Yount Penn, Bradley Yount, Kay W. Yount, Cassie Yount Watson, Charles E. Watson, James L. Yount, Thelma W. Yount, Ethel Yount McCray, William D. Yount, Christine M. Yount, Billy Meade, Arthur E. Beard, Rodney R. Ratliff, Frankfort Rock, Inc. (Real Parties in Interest), Appellants,

v.

TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, COMMONWEALTH of KENTUCKY, Appellee.

TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, COMMONWEALTH of KENTUCKY, Movant,

v.

Robert C. YOUNT, Margaret R. Yount, Henrietta Yount Penn, Bradley Yount, Kay W. Yount, Cassie Yount Watson, Charles E. Watson, James L. Yount, Thelma W. Yount, Ethel Yount McCray, William D. Yount, Christine M. Yount, Billy Meade, Arthur E. Beard, Rodney R. Ratliff, Frankfort Rock, Inc., Respondents.

Nos. 89–SC–452–MR, 89–SC–582–DG.

Supreme Court of Kentucky.

Aug. 29, 1991.

**575**

Michael L. Judy, Richard M. Guarnieri, Stoll, Keenon & Park, Frankfort, for real parties in interest Billy Meade, Arthur E. Beard, Rodney R. Ratliff, Frankfort Rock, Inc.

Frank F. Chuppe, Jr., Sheryl G. Snyder, Janice S. Jacobs, Holiday Hopkins Thacker, Wyatt, Tarrant & Combs, Louisville, for appellee/movant.

## OPINION OF THE COURT

JOHN STANLEY HOFFMAN, Special Justice.

We are called upon to decide whether or not the Court of Appeals abused its discretion by granting a writ of prohibition in a highway condemnation case prohibiting the Franklin Circuit Court Judge, Hon. Ray Corns, ("the respondent Judge") from enforcing an order requiring the Commonwealth of Kentucky, Transportation Cabinet, Department of Highways, ("the Commonwealth") to deposit with the circuit court clerk, to the credit of those whose land was being condemned, $10,516,217.00 found by a special court-appointed mineral appraiser to be the value of underlying minerals. Also, before us is the question of the dismissal of the Court of Appeals of the Commonwealth's appeal of such order on the ground that it was not final and appealable.

On March 28, 1986, the Commonwealth initiated a condemnation action in Franklin Circuit Court to condemn some 10.2 acres of land in Franklin County, either owned by or in which Robert C. Yount, Margaret R. Yount, Henrietta Yount Penn, Bradley Yount, Cassie Yount Watson, Charles E. Watson, James L. Yount, Thelma W. Yount, Ethel Yount McCray, William D. Yount, Christine M. Yount, Billy Meade, Arthur E. Beard, Rodney R. Ratliff, and Frankfort Rock, Inc., ("the landowners"), had an ownership interest. Commissioners appointed by the respondent Judge appraised the property sought to be taken by the proceedings and filed their report with court awarding the landowners the sum of $112,400.00.

Ray Corns, Circuit Court, Div. One, James Dean Liebman, Liebman & Liebman, Frankfort, for appellants/respondents.

On September 9, 1986, the circuit court entered an interlocutory order and judgment finding the commissioners' report to be in the prescribed statutory form and ordering that the Commonwealth might take possession of the subject property by paying the amount of the commissioners' award, $112,400.00 to the clerk of the court. That same day, the Commonwealth deposited the $112,400.00 with the clerk and took possession of the property.

After the Commonwealth had paid the amount of the commissioners' award and had taken possession of the subject property, the landowners moved to have the circuit court vacate its interlocutory order and judgment on the grounds that the commissioners' award did not take into account the value of the underlying minerals. The respondent Judge overruled the motion to vacate but appointed one Edmund Nosow to appraise the underlying minerals and directed that Mr. Nosow's mineral appraisal report "be filed as a part of the total appraised value of the properties." Mr. Nosow reported to the court that the highest and best use of the subject property was as a limestone quarry and that as a consequence of its taking by the Commonwealth, the landowners had lost profits from the sale of limestone totaling $10,-516,217.00.

After the Nosow report was filed, the circuit court entered an agreed order directing that it be submitted to the commissioners for their consideration "in supplementing their previous appraisal accordingly...." The order also directed that the commissioners "tender to the Court a final Commissioner's Award taking into account the value of the entirety of the property taken...." The agreed order provided for the filing of exceptions to the "final" commissioners' award and ordered that the Commonwealth would have 30 days after the filing of the final commissioners' award to pay the amount of the final award to the clerk with credits to be given the Commonwealth for the amounts originally paid into court.

By letter dated March 6, 1988, directed to the respondent Judge, the commissioners reported that they would stand by their original report concerning the value of the "surface rights" to the subject property because of their limited expertise in making such evaluations. Nevertheless, on March 28, 1988, the respondent Judge ordered that the original commissioners' report be "... amended to incorporate the value of the minerals at the amount of $10,516,127.00 as found by Edmund Nosow in his report to the Court and Commissioners dated July 24, 1987." Then, on June 20, 1988, citing the authority of KRS 416.-630, the respondent Judge ordered the Commonwealth to deposit the sum of $10,-516,217.00 with the clerk. The Commonwealth moved to have the circuit court set aside or reconsider its order of June 20, 1988, but the motion was denied by an order, said to be final and appealable, which recited that the Commonwealth should "forthwith" deposit the money with the clerk.

The Commonwealth appealed to the Court of Appeals the circuit court order directing the Commonwealth to deposit the $10,516,217.00 with the clerk. 88–CA–2746–S. The landowners moved to dismiss the appeal as not being taken from a final and appealable order. At about the same time, the Commonwealth also initiated an original action in the Court of Appeals for writ of prohibition seeking to prohibit the respondent Judge from enforcing the order directing the Commonwealth to deposit the $10,516,217.00 with the clerk. 89–CA–000918–OA. The Court of Appeals dismissed the Commonwealth's appeal for the stated reason that the appeal was not taken from a final and appealable order. However, in the original action for a writ of prohibition, the Court of Appeals granted the Commonwealth's petition and issued an order on May 31, 1989, prohibiting the respondent Judge from enforcing the order directing the Commonwealth to deposit the $10,516.217.00 with the clerk of the court.

The court granted the Commonwealth discretionary review of the Court of Appeals' order dismissing the Commonwealth's appeal in 88–CA–2746–S, and the landowners appealed to us as a matter of right from the order of the Court of Ap-

peals granting the writ of prohibition in 89–CA–918–OA. CR 76.36(7)(a). The two cases were then, on application to this Court, consolidated.

While the order of the Court of Appeals granting the writ of prohibition is silent as to the reasons for its issuance, we are of the opinion that the order should be affirmed for the reasons which we announce herein.

■ Writs of prohibition, being extraordinary remedies, not to be substituted for appeal, and issued only in the sound discretion of the court, are reserved for those situations in which a lower court is acting either (1) without or beyond its jurisdiction or (2) within its jurisdiction, but erroneously. In the latter category of cases, a prerequisite to the issuance of the writ is a showing that there is no adequate remedy by appeal or otherwise and irreparable injury or great injustice will result without its issuance. *Bender v. Eaton,* Ky., 343 S.W.2d 799 (1961), *Jones v. Hogg,* Ky., 639 S.W.2d 543 (1982), *Commonwealth, Revenue Cabinet by Gillis v. Graham,* Ky., 710 S.W.2d 227 (1986). This court must therefore decide whether the Court of Appeals abused its discretion in granting the writ prohibiting the respondent Judge from enforcing the order directing the Commonwealth to deposit the $10,516,217.00 with the clerk of the court.

The procedure for the Commonwealth's exercise of its sovereign right of eminent domain and the rights of those whose land is being condemned are governed by the Eminent Domain Act of Kentucky, KRS 416.540 to 416.670. Under the Act the circuit judge or, in the absence of the circuit judge, the circuit court clerk, is required to appoint "three (3) impartial housekeepers of the county who are owners of land" who are charged by statute "to view the land ... sought to be condemned and award to the owner or owners such a sum as will fairly represent the reduction in the market value of the entire property ... immediately before the taking and the market value of the remainder of the property immediately after the taking ...," plus the rental value of any tempo-

rary easements being condemned. The commissioners are then to report their findings to the circuit court. KRS 416.580(1).

In this condemnation case, the commissioners viewed the subject property, awarded the landowners the sum of $112,400.00, and filed their report with the court. Then, according to the record at least, the respondent Judge examined the commissioners' report, determined that it conformed to the provisions of KRS 416.580(1), and entered an interlocutory order and judgment authorizing the Commonwealth to take possession of the subject property upon payment of the amount of the commissioners' award to the clerk of the court. At this point in the proceeding, both the Commonwealth and the landowners had the statutory right to take exception to the amount of the commissioners' award and to have that issue determined by a jury. KRS 416.620(1).

■ Even if we were to assume, without deciding, that after the entry of the interlocutory order and judgment, the respondent Judge had the authority to appoint Mr. Nosow as a kind of special commissioner to appraise the value of the underlying minerals and to order such appraisal to be considered by the commissioners in supplementing their original award, there is no statutory authority whatsoever for the respondent Judge to order its incorporation into the commissioners' report after the commissioners had reported that they stood by their original report and award. It follows then that the respondent Judge did not have the power and authority to order the Commonwealth to deposit with the court's clerk the $10,516.217.00 found by the special mineral appraiser to be the value of the underlying minerals even though the Commonwealth had agreed to the order which directed the commissioners to supplement their award by considering the mineral appraisal report which had been filed by Mr. Nosow. The commissioners alone have the statutory power and authority to make an award of compensation for land taken by condemnation subject to later revision by a jury upon the filing of timely exceptions. KRS 416.620(1). The commissioners reported to the circuit court that

they could "neither concur nor refute the validity of the [Nosow] report and the value range it reflects...." Instead, they said they would "stand by our earlier report as to the value of the surface rights, having no reason to change our opinion...." In spite of the commissioners' report, the respondent Judge ordered the Nosow report to be incorporated into the commissioners' report and then ordered the Commonwealth to deposit with the clerk the amounts found by the Nosow report to be the value of the underlying minerals.

■ This is not a situation where the respondent Judge merely acted incorrectly albeit within his overall jurisdiction. Instead, the respondent Judge acted without or beyond any statutory power or authority. Statutory authority rests solely with the court-appointed commissioners to award just compensation to the owners of land being condemned. When, in this case, the respondent Judge ordered the Nosow report to be incorporated into the commissioners' report, even though the commissioners had reported their decision to stand by their original report and award, it was the respondent Judge making the award and not the commissioners. To that extent the respondent Judge usurped the statutory power and authority reserved by the legislature to the commissioners.

Even though a writ of prohibition is an extraordinary remedy, not to be substituted for appeal, we hold that such a remedy is appropriate in a proper case to prevent a lower court from exceeding the lawful power or authority with which it is invested or from assuming some power not authorized by law even though the case before it may be one over which the court has general jurisdiction; as for example, when the court proceeds contrary to the dictates of a relevant statute. Cf. *City of Danville v. Wilson*, Ky., 395 S.W.2d 583 (1965). Under such circumstances a proper, though extraordinary, remedy is a writ of prohibition. In these instances the injustice being restrained is the arrogation of judicial power. To be distinguished are those situations where the court acts erroneously but within its overall lawful judicial authority. In the latter cases, prohibition will not lie unless it can also be shown that there is no adequate remedy by appeal or otherwise and irreparable injury or great injustice will result if the writ is not granted. 63A Am.Jur. 2d *Prohibition*, Sections 37, 40 (1984); 73 C.J.S. *Prohibition* Section 14 c. and d. (1983).

The entire procedure for the exercise of eminent domain is found in KRS 416.540 to 416.670, the Eminent Domain Act of Kentucky. This body of statutory law prescribes the bounds of the circuit court's judicial power and authority in condemnation cases and an action by the court, such as the one before us, which transgresses those bounds may be restrained by a writ of prohibition. In the case before us the injustice being restrained by the writ is the circuit court's arrogation · of authority placed solely in the hands "three (3) impartial housekeepers of the county who are owners of land." KRS 416.580(1).

We hold that the Court of Appeals did not abuse its discretion in granting the Commonwealth a writ of prohibition prohibiting the respondent Judge from requiring the Commonwealth to deposit the $10,516,-217.00 with the clerk. The order of the Court of Appeals granting the writ of prohibition is therefore affirmed.

Having affirmed the issuance of the writ of prohibition, it is not necessary for us to address the questions raised in the discretionary review of the order of the Court of Appeals dismissing the Commonwealth's appeal in 88–CA–2746–S.

All concur, except REYNOLDS, J.

All sitting, except REYNOLDS, J., not sitting.