Rhonda BAKER, Occupants, Appellants,

v.

Honorable William P. RYAN, Jr., Shively Apartments, Dora Patterson, Linda Williams, and Carol Cole, Appellees.

No. 97–CA–000733–MR.

Court of Appeals of Kentucky.

Sept. 26, 1997.

Discretionary Review Denied by Supreme Court April 8, 1998.

Ellen G. Friedman, Teresa C. Bucheit, on brief, Louisville, for Appellant.

Robert E. Barnett, Louisville, for Appellee.

Before EMBERTON, HUDDLESTON and MILLER, JJ.

## OPINION

HUDDLESTON, Judge.

Rhonda Baker and Occupants (Baker) appeal from a writ of prohibition entered by Jefferson Circuit Court against Jefferson District Judge William P. Ryan. The writ prohibits Judge Ryan from enforcing his order allowing Baker to depose representatives of Shively Apartments (Shively), the real parties in interest, in a forcible detainer action. Baker argues that the writ was improperly granted because deposition discovery is permitted in forcible detainer actions. We disagree and affirm.

On November 6, 1996, Shively, through its attorney, notified Baker of its intent to terminate her tenancy effective November 21, 1996. The letter alleged that Baker was in material violation of her lease because she failed to keep her unit clean, caused damage, allowed drug-related criminal activity in the unit, allowed unauthorized minors to reside in the unit and a minor had a firearm in the unit. The notice gave Baker fifteen days to remedy the lease violation, as required by Kentucky Revised Statute (KRS) 383.660. Baker allegedly failed to remedy the violations, and Shively began a forcible detainer action in Jefferson District Court on November 26, 1996.

Baker's counsel served subpoenas on three of Shively's employees, Carol Cole, Dora Patterson and Linda Williams, to depose them before the scheduled trial date. Shively sought a protective order to prevent the depositions. The district court ruled that Baker could proceed with the depositions. Shively and its three employees petitioned Jefferson Circuit Court for a Ky. R. Civ. Proc. (CR) 81 writ to force Jefferson District Judge Ryan to set aside his order or otherwise prevent the discovery depositions. After considering memoranda and argument, the circuit court granted the writ. Judge Ryan was prohibited from enforcing his decision allowing Baker to take discovery depositions of the Shively employees.

On appeal, Baker argues that Shively was not entitled to a writ of prohibition, that discovery depositions are not inconsistent with forcible detainer actions, and that due process requires that discovery depositions be allowed in such cases. We disagree with the first two contentions, and find that the last is not preserved for appeal.

■ Writs of prohibition are extraordinary remedies and are reserved for those situations in which a lower court is acting (1) without or beyond its jurisdiction, (2) outside its statutory authority, or (3) within its jurisdiction, but erroneously. Only in the third category must the petitioner show that there is no adequate remedy by appeal and irreparable injury or great injustice will result without the writ. *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961), *Corns v. Transportation Cabinet, Dept. of Highways, Commonwealth of Kentucky*, Ky., 814 S.W.2d 574, 577 (1991). Writs are issued only in the sound discretion of the court. *Corns, supra.* This court must therefore decide whether Jefferson Circuit Court abused its discretion in granting the writ.

In its order entered March 20, 1997, the circuit court, relying on *Corns*, held that:

> [T]he Court agrees with Petitioners that a writ of prohibition would be an appropriate

remedy under the circumstances of this case if Judge Ryan's February 3, 1997 decision was beyond the bounds of the statutory authority of District Court in forcible detainer actions. Thus, the issue left to be decided is whether or not discovery depositions are outside said bounds.

The court held that discovery depositions would be inconsistent with the summary proceedings provided by the Forcible Detainer Act, KRS 383.200–383.285.

The district court clearly had jurisdiction over the forcible detainer action. The Uniform Rental Landlord Tenant Act, KRS 383.540, *et seq.*, adopted in Jefferson County, specifically vests jurisdiction in district court. KRS 383.540(1). The next question is whether the district court had the authority to order discovery in a forcible detainer case.

■ We know of no reported Kentucky case which decides whether an order permitting discovery is outside the district court's statutory authority in a forcible detainer action.[1] CR 1(2) provides: "[t]hese Rules govern procedure and practice in all actions of a civil nature in the Court of Justice except for special statutory proceedings, in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules." The parties agree that forcible detainer actions are special statutory proceedings.

The forcible detainer statutes are silent with respect to discovery. Baker argues that since the statutes do not expressly prohibit discovery, CR 30.01 applies via CR 1(2). Shively counters, and the circuit court held, that the statutes set up an exclusive procedure, complete unto itself, which implicitly rules out discovery. We agree with Shively and the court below.

Both parties cite *Hibberd v. Neil Huffman Datsun, Inc.*, Ky.App., 791 S.W.2d 726 (1990). The issue in that case was whether a motion for new trial under CR 59.02 tolled the ten-day period for appeal from a small

---

1. Discovery took place in *Miles v. Shauntee*, Ky., 664 S.W.2d 512 (1983), a forcible detainer action under the Uniform Landlord and Tenant Act. The tenant filed a counterclaim requesting damages due to defective conditions. The counterclaim exceeded the jurisdictional amount of district court, the matter was transferred to circuit court and discovery followed. *Miles* is thus factually distinguishable from the case *sub judice.*

claims judgment. This Court examined the purpose of the small claims division, KRS 24A.200, the nature of small claims, and CR 1(2). "The only express difference between the [small claims] statute and the Civil Rules is the ten (10) day limit for appeals. As a result, we must attempt to discern the intent of the General Assembly regarding the motions at issue, since legislative intent 'must be a pole star to guide us.' *Wesley v. Board of Education of Nicholas County*, Ky., 403 S.W.2d 28, 29 (1966)." The Court concluded that post-judgment motions do not toll the time to take an appeal from a small claims judgment in view of the statute's goals of efficiency, speed and understandability.

The forcible detainer statutes do not include a statement of purpose comparable to KRS 24A.200. The Uniform Residential Landlord and Tenant Act, KRS 383.505 to 383.715, defines the rights and responsibilities of landlords and tenants. However, actions brought under this act follow traditional forcible detainer procedures. These procedures are inconsistent with pre-trial discovery.

■ Forcible detainer actions are designed to be summary proceedings. In general, the only issues are possession by the plaintiff and detainer by the defendant. 35 Am Jur 2d *Forcible Entry and Detainer* § 6 (1992). "Notice periods are short, pleadings are restricted, triable issues are limited, discovery is generally unavailable, and the judgment is promptly operative." 2 Richard R. Powell, *Powell on Real Property* § 246[3] (1993). In Kentucky, a district court can hold trial in such a case as early as three days after service of the warrant notifying the tenant of the action. KRS 383.215. This does not appear to contemplate time for discovery.

Another provision is inconsistent with full-blown discovery under the civil rules. The rules separately authorize subpoenas for taking depositions, CR 45.04, and for a hearing or trial, 45.05. A forcible detainer statute expressly authorizes subpoenas to compel witnesses to testify at the inquest, but is silent as to depositions. KRS 383.230.[2] The fact that the General Assembly expressly provided for subpoenas for trial suggests both that it did not consider this power implicit in forcible detainer actions, and that it did not intend to authorize depositions in such cases. If the civil rules applied in their entirety to forcible detainer actions, KRS 383.230 would be surplusage.

Forcible detainer actions are meant to be simple, speedy and inexpensive. In view of the overall purpose of these actions, we agree with the circuit court that the district court acted outside its statutory authority when it ordered discovery. We acknowledge the potential benefit of pretrial discovery to Baker and other tenants. However, they may still subpoena witnesses to testify on their behalf, cross-examine the landlord's witnesses, and appeal adverse judgments to circuit court.

Finally, Baker argues that due process of law requires that depositions be allowed. Baker's brief does not include a reference to the record showing the issue was preserved for review as required by CR 76.12(4)(c)(iv). Indeed, as Shively points out, Baker argued in circuit court that due process was not the issue. The trial court should first be given the opportunity to rule on questions before they are submitted for appellate review. *Massie v. Persson*, Ky.App., 729 S.W.2d 448, 452 (1987). We find that this issue is not properly preserved for appeal.

The circuit court did not abuse its discretion when it issued the writ of prohibition. *Corns, supra*. Its order is therefore affirmed.

All concur.

---

**2.** Ky.Rev.Stat. (KRS) 383.230 has remained largely unchanged since its transfer from the old Civil Code in 1952. It was last amended in March, 1978, later than the most recent changes to Ky. R. Civ. Proc. (CR) 45.04 and 45.05.