SMALLWOOD, JUDGE:
Curtis Anthony, Trustee, appeals from an order of the Jefferson Circuit Court which denied his writ for prohibition and/or mandamus. Appellant sought to have the circuit court prohibit the district court from enforcing an order and ordering it to hold a contempt hearing. We find that the circuit court erred in denying the writ, though not for the reasons set forth by Appellant; therefore, we reverse and remand.
Appellant brought a forcible detainer action in the Jefferson District Court against Reverend Billy Holt and the New Brighter Day Baptist Church. Appellant sought a judgment of eviction for the non-payment of rent. The property at issue is located at 427 M Street, Louisville, Kentucky. From what can be deduced from the record and the briefs, the ownership of the property is under dispute and Rev. Holt and his church began paying rent to the Frankfort Avenue Church of Christ (hereinafter referred *584 to as Frankfort Avenue).[1]
After the commencement of the forcible detainer action, Frankfort Avenue moved to intervene in order to make a claim of ownership on the subject property. This motion was granted by the district court. A trial was held and the district court entered an order on August 15, 2017. The order found that Rev. Holt and his church were guilty of forcible detainer and ordered them to vacate the premises. The order also required that Frankfort Avenue deliver to Appellant $8,100 in rent it had collected from Rev. Holt. Finally, the order required that Frankfort Avenue return to Appellant any documents it had obtained from Branch Banking & Trust pursuant to a subpoena duces tecum.
Appellant later filed a contempt motion against Frankfort Avenue for not turning over the rent payments. Frankfort Avenue then filed a Kentucky Civil Rule (CR) 59.05 motion to amend or vacate the August order. A hearing was held on the CR 59.05 motion. The court ultimately amended its August order and entered a new order on September 22, 2017. The new order only changed one aspect of the previous order. The new order required Frankfort Avenue to pay into the court the money received in rent instead of paying it directly to Appellant. The court would then hold the money for 30 days or until Frankfort Avenue files an appeal or a circuit court action. The court also denied the contempt motion because it had modified its original order.
Appellant then filed the underlying writ. Appellant argued that CR 59.05 is inapplicable to forcible detainer actions and that Frankfort Avenue's only recourse was to appeal the August order within 7 days pursuant to Kentucky Revised Statute (KRS) 383.255. Frankfort Avenue responded to the writ arguing that CR 59.05 is applicable and that Appellant is not entitled to the extraordinary remedy of a writ. The circuit court denied the writ and held that the district court was not acting outside its jurisdiction and that Appellant "failed to establish irreparable harm will result if this Court does not grant him relief." This appeal followed.
To properly analyze this case, we must look at both the writ issue and the forcible detainer issue.
A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.
Hoskins v. Maricle , 150 S.W.3d 1, 10 (Ky. 2004) (emphasis in original). We review the denial of a writ for abuse of discretion. Collins v. Braden , 384 S.W.3d 154, 158 (Ky. 2012).
"The remedy of forcible entry and detainer was evolved from an English criminal proceeding and is not strictly a common law action. It is regarded as a statutory action at law to recover possession of real property...." McHugh v. Knippert , 243 S.W.2d 654, 655 (Ky. 1951). As a special statutory proceeding, KRS 383.200 -285 governs the eviction process with its own unique procedural requirements which "shall prevail over any inconsistent procedures set forth in *585 the Rules [of Civil Procedure]." CR 1 ; See Baker v. Ryan , 967 S.W.2d 591, 592 (Ky. App. 1997) (Holding that "the [forcible entry and detainer] statutes set up an exclusive procedure, complete unto itself, which implicitly rules out discovery.")
Shinkle v. Turner , 496 S.W.3d 418, 421 (Ky. 2016).
We find that Appellant is correct in that CR 59.05 does not apply to forcible detainer actions; however, Appellant was not entitled to the extraordinary remedy of a writ for that reason.
Forcible detainer actions are designed to be summary proceedings. In general, the only issues are possession by the plaintiff and detainer by the defendant. "Notice periods are short, pleadings are restricted, triable issues are limited, discovery is generally unavailable, and the judgment is promptly operative." In Kentucky, a district court can hold trial in such a case as early as three days after service of the warrant notifying the tenant of the action. KRS 383.215.
Baker v. Ryan , 967 S.W.2d 591, 593 (Ky. App. 1997) (citations omitted).
In Baker , a previous panel of this Court was asked to determine if discovery was available for forcible detainer actions. We held that it was not due to the summary nature of the proceedings. We find that CR 59.05 is inapplicable for the same reasons. In Hibberd v. Neil Huffman Datsun, Inc. , 791 S.W.2d 726 (Ky. App. 1990), this Court held that post-judgment motions pursuant to CR 50.02, CR 52.02 and CR 59, did not toll the time for filing an appeal for a small claims court opinion because the purpose of the establishing statute therefor, KRS 24A.200, is "efficiency, speed and understandability[,]" which these post-judgment motions do not promote. Id. at 728. Although the Appellee argues that Hibberd is factually distinguishable and therefore not applicable, we do not agree. In Baker , 967 S.W.2d 591, this Court held that like small claims actions, forcible detainers action are "meant to be simple, speedy and inexpensive" and "are designed to be summary proceedings." Id. at 593. KRS 383.255 requires an appeal from a forcible detainer action be brought within 7 days. CR 59.05 allows a motion to alter, amend, or vacate be brought within 10 days. The 10-day time limit and the 7-day time limit conflict. Furthermore, the time required to have a hearing on the CR 59.05 motion adds unnecessary time to what is supposed to be a summary proceeding. In the case at hand over a month was added to the district court proceedings due to Frankfort Avenue's CR 59.05 motion.
With that being said, we still find that Appellant was not entitled to the granting of his writ for the reasons he specified. Writs are extraordinary remedies "which should be used only under the most exceptional circumstances." Seymour Charter Buslines, Inc. v. Hopper , 111 S.W.3d 387, 388 (Ky. 2003). Here, Appellant had other remedies available to him and would not have suffered irreparable harm. Appellant could have appealed the September order to the circuit court. Further, the only change in the district court order was to require Frankfort Avenue to pay the rent money collected to the court instead of directly to Appellant. This is not an irreparable injury.
This Court does, however, find that the writ should be granted. The detainer action was brought before the Jefferson District Court but amounts in controversy in district courts of Kentucky cannot exceed $5,000. KRS 24A.120(1). Here, the amount in controversy was $8,100, which exceeds the jurisdictional limit of the district court. As the district *586 court was without subject matter jurisdiction due to the excessive amount in controversy, it improperly heard and ruled upon the monetary issue. Particularly, the district court's order granting Frankfort Avenue's CR 59.05 motion and amending its prior order to place $8,100 into court, was without its jurisdiction. We recognize that neither party brought this issue to the Court's attention, but issues of subject matter jurisdiction can be raised at any time, Hisle v. Lexington-Fayette Urban Cty. Gov't , 258 S.W.3d 422, 431 (Ky. App. 2008), even sua sponte by this Court. Doe v. Golden & Walters, PLLC , 173 S.W.3d 260, 270 (Ky. App. 2005). As the district court was without subject matter jurisdiction, the underlying district court orders in this case are void. Hisle , 258 S.W.3d at 431.
Based on the foregoing, we reverse the judgment of the Jefferson Circuit Court and remand. On remand, the circuit court will issue a writ directing the district court to dismiss the detainer action as the Appellees had already vacated the premises.
MAZE, JUDGE, CONCURS IN RESULT AND FILES SEPARATE OPINION IN WHICH J. LAMBERT, JUDGE, JOINS.
MAZE, JUDGE, CONCURRING IN RESULT:
Although I agree with much of the reasoning in the majority opinion, I respectfully disagree with the majority that entry of a writ of prohibition is always discretionary. If a lower court is acting outside of its jurisdiction, then a denial of the writ constitutes an abuse of discretion even if there is an adequate remedy by appeal. Hoskins v. Maricle , 150 S.W.3d 1, 9-11 (Ky. 2004).
In the current case, I fully agree with the majority that the district court was acting outside of its jurisdiction when it considered Frankfort Avenue's CR 59.05 motion. "A forcible detainer action focuses upon and determines which party is entitled to present possession of the property at the commencement of the action, not at some later date." Shinkle v. Turner , 496 S.W.3d 418, 422 (Ky. 2016) (emphasis in original) (citing Bledsoe v. Leonhart , 305 Ky. 707, 205 S.W.2d 483, 484 (1947) ). Thus, Frankfort Avenue properly intervened in this action to assert its ownership interest in the property. However, this intervention was limited to the issue of the Trustee's standing to bring the action, not the ultimate question of ownership. The latter question was beyond the jurisdiction of the forcible detainer court to adjudicate.
Indeed, the limited jurisdiction of the forcible detainer court is the controlling matter in this case. In Baker v. Ryan , 967 S.W.2d 591 (Ky. App. 1997), this Court held that the Civil Rules allowing for discovery do not apply to special statutory proceedings such as a forcible detainer action. Id. at 593. Likewise, this Court has also held that the filing of a motion under CR 59 does not toll the time for filing an appeal from a small claims judgment, which is also a special statutory proceeding. Hibberd v. Neil Huffman Datsun, Inc. , 791 S.W.2d 726, 728 (Ky. App. 1990). This Court expressly held that the statutory procedures must prevail over the Civil Rules to the extent that they differ. Id.
Frankfort Avenue's sole remedy was to file a notice of appeal within seven days from entry of the judgment, as provided by KRS 383.255. Consequently, I agree with the majority that the district court was without jurisdiction to consider Frankfort Avenue's post-judgment motion. In light of this conclusion, the circuit court clearly abused its discretion by denying the petition for a writ of prohibition.
*587 However, I fully agree with the majority that the forcible detainer court did not have jurisdiction to order Frankfort Avenue to pay rents either to the Trustee or into the court. As noted above, the forcible detainer court is a court of limited jurisdiction. As such, it only has the authority to order restitution of the premises and payment of costs expended by the prevailing party. KRS 383.240. A party seeking recovery of rent or a determination of title must bring a separate action. KRS 383.280. See also Belcher v. Howard , 212 Ky. 816, 280 S.W. 131, 131 (1926). And even if the court had the authority to order such payment, the amount in controversy, in this case $8,100, clearly exceeds the jurisdictional limit of the district court. KRS 24A.120. As the majority correctly notes, an issue relating to subject-matter jurisdiction may be raised at any time. Hisle v. Lexington-Fayette Urban Cty. Gov't , 258 S.W.3d 422, 431 (Ky. App. 2008). Therefore, I agree with the majority's conclusion to direct the circuit court issue a writ of prohibition to the district court.

The district court file was not included in the record before us; therefore, our information is limited.