RENDERED:  AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0787-DG

DUSTIN MORRIS AND AMANDA
MORRIS                                                                APPELLANTS

ON DISCRETIONARY REVIEW FROM
GALLATIN CIRCUIT COURT
HONORABLE RICHARD A. BRUEGGEMAN, JUDGE
ACTION NO. 22-XX-00001

v.

ASBURY, LP                                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Appellants, Dustin and Amanda Morris (Lessees), rented a

mobile home lot located in Gallatin County, Kentucky.  They leased the lot from

Appellee, Asbury, LP (Asbury).  The terms of the lease allowed either party to

terminate the lease with 30-days' notice.  Lessees take issue with other provisions

of the lease that are not material to our resolution of the present issue.  In

conjunction with signing the lease, Lessees purchased a mobile home for approximately $48,000. It was affixed to the lot leased from Asbury.

Asbury provided Lessees with 30 days' notice that it intended to terminate the lease. Asbury then filed a forcible detainer complaint against Lessees in Gallatin District Court on December 29, 2021. Lessees filed a "Response to Forcible Detainer Petition and Counterclaim for Declaratory Judgment." That pleading included a request that they "have a trial by jury of all triable issues . . . ." Lessees also filed a motion to 1) remove the case from the forcible detainer docket to the district court's general civil docket, or 2) to transfer the case to the circuit court. On February 8, 2022, the district court denied Lessees' motion to remove or transfer, along with their counterclaim for a declaratory judgment. On that same day, the district court entered a forcible detainer judgment in favor of Asbury. Lessees timely appealed to the circuit court.

The circuit court affirmed and Lessees successfully sought discretionary review. Lessees' argument on appeal is confined to whether the district court abused its discretion in denying their motion to remove or transfer. For the following reasons, we affirm.

Forcible detainer is a creature of statute. The process is governed by Kentucky Revised Statutes (KRS) 383.200 *et seq*. The procedural requirements of these statutes "shall prevail over any inconsistent procedures set forth in the Rules

[of Civil Procedure]." *Shinkle v. Turner*, 496 S.W.3d 418, 421 (Ky. 2016) (citation omitted). Such actions are "inconsistent with pre-trial discovery." *Baker v. Ryan*, 967 S.W.2d 591, 593 (Ky. App. 1997). Also, they "are designed to be summary proceedings. In general, the only issues are possession by the plaintiff and detainer by the defendant." *Id.* (citation omitted). *See also Louisville Galleria, LLC v. Kentucky Pub Invs.*, LLC, No. 2017-CA-000886-MR, 2019 WL 1967970, at *11 (Ky. App. May 3, 2019) ("The district court did not – and, indeed, was without jurisdiction to – rule on whether the Lease terms were unconscionable or fraudulently procured . . . .").

In the present case, the circuit court affirmed the district court on appeal and reasoned as follows:

> Appellants make strong arguments that, perhaps, might justify looking beyond the lease. . . . But although Appellants broadly argued detrimental reliance to [the] District Court, they failed to demonstrate any basis for claiming an ownership interest in the land that could render the forcible detainer process improper. There is no dispute that the lease identified the duration as being month-to-month and that, by its terms, Appellants were to surrender possession upon 30 days' written notice from the landlord. "A forcible detainer action focuses upon and determines which party is entitled to present possession of the property at the commencement of the action . . . ." *Shinkle*, 496 S.W.3d, at 422 (emphasis removed). Perhaps Appellants have claims that can be asserted in Circuit Court. But, as presented, it was not error for the District Court to proceed on the question of possession.

-3-

Indeed, prior to filing a motion for discretionary review with this Court, Lessees filed a separate action in Gallatin Circuit Court on March 14, 2022, broadly alleging that the underlying lease agreement was unconscionable, and requesting compensatory and punitive damages, as well as attorney's fees. It appears that action is still pending before the circuit court. As previously stated, however, our review is confined to the circuit court's affirmation of the underlying district court judgment. And the sole issue raised by Lessees on appeal is whether the district court abused its discretion in denying their motion to remove or transfer.

The Kentucky Rules of Civil Procedure (CR) do not provide a vehicle for transferring, or requesting a transfer, of a district court case to the circuit court. Such an option only exists to transfer an appeal from this Court to the Supreme Court. *See* CR 74.02; Rules of Appellate Procedure (RAP) 17 (effective Jan. 1, 2023). No other legal mechanism permitting transfer has been cited. Therefore, there was no error here in denying Lessees' transfer motion. There was also no error in denying Lessees' motion to "remove" this case to the district court's regular docket. Accordingly, we AFFIRM. Our decision does not address the case pending before the Gallatin Circuit Court, Case No. 22-CI-00034.

ALL CONCUR.

BRIEFS FOR APPELLANTS:          BRIEF FOR APPELLEE:

Stephen P. Huddleston           Christopher Wiest
Warsaw, Kentucky                Crestview Hills, Kentucky