RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1377-MR

THE GOOD HEART CORPORATION            APPELLANT

v.         APPEAL FROM CLAY CIRCUIT COURT
HONORABLE OSCAR G. HOUSE, JUDGE
ACTION NO. 22-CI-00230

ALLEN B. ROBERTS, JUDGE, AND
AKN PROPERTIES, LLC            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE: The Good Heart Corporation (GHC) appeals from the order denying its petition for writ of mandamus and prohibition and motion for emergency relief, entered by the Clay Circuit Court on November 18, 2022. After a careful review of the record, briefs, and applicable law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

GHC entered into a commercial lease agreement for a space for its doctor's office with AKN Properties, LLC (AKN) effective December 9, 2019-2022. GHC operated at the leased premises until July 2020, when COVID-19 and staffing issues required that GHC practice via Telemed. On January 11, 2022, AKN notified GHC it was in default for the following lease violations: the property was not being used as a doctor's office, and GHC failed to pay electric and water bills, resulting in the electricity being disconnected.

On February 16, 2022, AKN filed a forcible detainer complaint with the Clay County District Court against GHC, alleging that it gave GHC notice to vacate on January 13, 2022. The complaint did not specifically list or request any monetary damages but simply made the preprinted demand contained on form AOC-216 for possession of the premises, as well as all other relief to which AKN may be entitled. The summons and notice of hearing were posted by a Clay County Sheriff's Deputy in a conspicuous place on the premises and mailed to the same address via regular mail, as required by KRS[1] 454.030. While GHC claims it never received notice of this action, or the hearing date prior thereto, this assertion is belied by email correspondence in the record referring to the forcible detainer action before the hearing occurred.

---

[1] Kentucky Revised Statutes.

On March 1, 2022, a forcible detainer judgment on form AOC-217 was entered. It ordered GHC to vacate the property within seven days and awarded AKN "costs of this action" with no mention of a specific amount. GHC appealed to the Clay Circuit Court. On May 25, 2022, the circuit court affirmed the district court. GHC moved the Kentucky Court of Appeals for a discretionary appeal, but its motion was denied on October 18, 2022.

GHC later moved the district court to vacate its judgment and dismiss the case, which was denied. GHC then petitioned the circuit court for a writ of mandamus and prohibition in a separate, original action and moved for emergency relief. Those motions were also denied, and this appeal followed.

**STANDARD OF REVIEW**

Whether to grant a petition for a writ is a question of discretion. *Hoskins v. Maricle*, 150 S.W.3d 1, 5 (Ky. 2004), *as modified on denial of reh'g* (Dec. 16, 2004). "The exercise of this authority has no limits except our judicial discretion[.]" *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). Even so,

> a writ of prohibition should be granted *only upon* a showing that: 1) the lower court is proceeding or is about to proceed *outside its jurisdiction* and there is *no adequate remedy by appeal*, or 2) the lower court is about to act incorrectly, although *within its jurisdiction*, and there exists *no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result*.

-3-

*Hoskins*, 150 S.W.3d at 6 (internal quotation marks omitted). "Writs are extraordinary remedies 'which should be used only under the most exceptional circumstances.'" *Anthony v. McLaughlin*, 566 S.W.3d 581, 585 (Ky. App. 2018) (quoting *Seymour Charter Buslines, Inc. v. Hopper*, 111 S.W.3d 387, 388 (Ky. 2003)).

## LEGAL ANALYSIS

On appeal, GHC argues that the district court acted outside its jurisdiction and, therefore, its writ should have been granted. GHC's argument relies heavily upon *Anthony v. McLaughlin*, 566 S.W.3d 581 (Ky. App. 2018), in which another panel of our Court held a similar writ should be granted. That case, however, is distinguishable from the one herein because the amount in controversy therein was $8,100, which exceeds the jurisdictional limit of the district court of $5,000. KRS 24A.120(1). As a result, the panel held because "the district court was without subject matter jurisdiction due to the excessive amount in controversy, it improperly heard and ruled upon the monetary issue." *Anthony*, 566 S.W.3d at 585-86. The concurring opinion of Judge Maze further noted that "the forcible detainer court is a court of limited jurisdiction. As such, it only has the authority to order restitution of the premises and payment of costs expended by the prevailing party." *Id.* at 587. That is exactly what was ordered in the case before us –

restitution of the premises and associated costs; thus, the district court did not act outside its jurisdiction as was the case in *Anthony*.

AKN further contends that the district court lacked jurisdiction because its forcible detainer complaint was improperly filed. This contention is largely based upon *Shinkle v. Turner*, 496 S.W.3d 418 (Ky. 2016). In *Shinkle*, the Supreme Court of Kentucky explained that:

> "The remedy of forcible entry and detainer was evolved from an English criminal proceeding and is not strictly a common law action. It is regarded as a statutory action at law to recover possession of real property[.]" *McHugh v. Knippert*, 243 S.W.2d 654, 655 (Ky. 1951). As a special statutory proceeding, KRS 383.200-285 governs the eviction process with its own unique procedural requirements which "shall prevail over any inconsistent procedures set forth in the Rules [of Civil Procedure]." CR 1; *See Baker v. Ryan*, 967 S.W.2d 591, 592 (Ky. App. 1997) (Holding that "the [forcible entry and detainer] statutes set up an exclusive procedure, complete unto itself, which implicitly rules out discovery.")[.]

> . . .

> In Kentucky, a tenant is guilty of a forcible detainer when he refuses to vacate the premises after his right of possession has ended. KRS 383.200(a) provides: "A forcible detainer is . . . [t]he refusal of a tenant to give possession to his landlord after the expiration of his term; or of a tenant at will or by sufferance to give possession to the landlord after the determination of his will." For cases which, like the instant action, are unaffected by the Uniform Residential Landlord and Tenant Act, KRS 383.195 prescribes the means by which a landlord must communicate the "determination of his will" to end the

-5-

tenancy: a landlord may terminate "a tenancy at will or by sufferance [by] giving one (1) month's notice, in writing, to the tenant requiring him to remove." Therefore, by operation of KRS 383.195, Shinkle's tenancy and right of possession did not terminate until one month after being notified to remove himself from the premises. It follows that he could not be guilty of forcible detainer until after his right of possession ended.

> KRS 383.210(1) creates a statutory cause of action for "a person aggrieved by a forcible entry or detainer." To assert a valid claim for forcible detainer, the plaintiff must allege a current and immediate right to possession of the premises; otherwise, he is not "aggrieved by a forcible detainer."

*Id*. at 421-22 (footnotes omitted).

In *Shinkle*, the landlord filed a forcible detainer action eight days after providing notice to the tenant when 30 days' notice was required. Consequently, the court determined the landlord did not have the right of possession at the time the action was filed, and the district court was without jurisdiction. In the case herein, however, AKN gave GHC written notice to vacate on January 13, 2022, and did not file the forcible detainer action until February 16, 2022 – more than 30 days later. Furthermore, the terms of the lease state:

> If [GHC] shall default . . . in any other covenants, agreements, conditions, or undertakings herein contained, and such default shall continue for thirty days after notice thereof in writing to [GHC] . . . it shall be lawful for [AKN] at [its] election, to declare the term hereof ended and to re-enter the leased property, and to repossess and enjoy said premises[.]

Thus, the district court herein was not deprived of jurisdiction as in *Shinkle*.

GHC further asserts that it was not given an opportunity to cure any default. This is not borne out by the record which contains emails acknowledging that GHC was aware of lease violations in September 2021 and a notice of default letter dated September 17, 2021 (delivered by certified mail on September 21, 2021). Attempted delivery of subsequent notices of default to GHC via certified mail and Sheriff's service on November 17, 2021, and December 6, 2021, respectively, were unsuccessful. Still, GHC had ample time to comply with the terms of the lease prior to the January 2022 notice of default and notice to vacate.

GHC also claims the district court lacked subject matter jurisdiction under the holding in *Meinshausen v. Friendship House of Louisville, Inc.*, 607 S.W.3d 199, 201 (Ky. App. 2020), in which a forcible detainer complaint was signed and filed by a non-attorney representative of the landlord, and pursuant to *Emmons v. Madden*, 781 S.W.2d 529 (Ky. App. 1989); *Cole v. Vincent by Seabolt*, 588 S.W.3d 180 (Ky. App. 2019); and *Coffey v. Kehoe Rock & Stone, LLC*, 270 S.W.3d 902 (Ky. App. 2008), in which there was no landlord-tenant relationship. The case herein is distinguishable from those as it was filed by an attorney and there was, in fact, a landlord-tenant relationship between the parties.

In the alternative, GHC argues that, if the district court was acting within its jurisdiction, the circuit court erred by not granting the writ because GHC

"will suffer great injustice and irreparable injury in that its ability to treat patients will be interrupted."  We reject this alternative argument as GHC admits it operated remotely beginning in July 2020; therefore, the level of harm does not rise to that intended for use of the extraordinary remedy of a writ.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Clay Circuit Court is AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE AKN PROPERTIES, LLC: |
|---|---|
| Bill Meader | |
| Hyden, Kentucky | Zachary R. Smith |
| | Lexington, Kentucky |